UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELINDA BROWN and TREFFLE LAFLECHE, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN INTERNATIONAL GROUP, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, <br><br> Defendants. | 04 10685 GAO <br><br> MAGISTRATE JUDGE Cohen <br><br> C. A. No. <br><br> RECEIPT # 54995 <br> AMOUNT $ 150 <br> SUMMONS ISSUED yes-2 <br> LOCAL RULE 4.1 ✓ <br> WAIVER FORM ___ <br> MCF ISSUED ___ <br> BY DPTY. CLK. F.O.W <br> DATE 4-5-04 |

## COMPLAINT

Melinda Brown and Treffle LaFleche (collectively "Insureds" or "Plaintiffs") as set forth as and for their Complaint, herein allege on personal knowledge as to themselves and their own actions, and on information and belief as to all other matters, as follows:

### Preliminary Statement

1. By this Complaint, the Insureds, former directors of Computrex, Inc. ("Computrex"), a Lexington, Kentucky based company, seek (a) a declaratory judgment that the "Prior Acts Exclusion" endorsement contained in Computrex's Officers and Directors Liability Insurance Policy does not bar coverage of the claims brought against them by Computrex's Chapter 7 Trustee; and b) the entry of an order that National Union must undertake the defense of and/or make available to the Insureds the proceeds of the D&O Policy to pay for losses (including defense costs) incurred by them in the action brought against them by the Chapter 7 Trustee.

## The Parties

2. Plaintiffs Melissa Brown and Treffle LaFleche are former directors of Computrex and direct beneficiaries of the D&O Policy at issue in these proceedings.

3. Defendant American International Group, Inc. ("AIG") is the parent company of certain member insurance companies. The Policy identifies AIG as an insurer.

4. Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") is a subsidiary member of AIG and the named issuer of a Directors and Officers Corporate Liability Policy No. 872-35-08 and Run-Off Endorsement (the "D&O Policy") to Computrex's officers and directors including the Plaintiffs. AIG and National Union will collectively be referred to as the "Defendants." A true and accurate copy of the "D&O Policy" is attached hereto as Exhibit A.

5. Melissa Brown is a resident of Massachusetts.

6. Treffle LaFleche is a resident of Massachusetts.

## Jurisdiction and Venue

7. Diversity jurisdiction is based on 28 U.S.C. § 1332(a)(1). The Plaintiffs are residents of the Commonwealth of Massachusetts, Defendant AIG is a corporation organized under the laws of Delaware with its principle place of business in New York, New York, and Defendant National Union is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principle place of business in New York, New York. The matter in controversy, exclusive of interest and costs, exceeds the sum of seventy five thousand dollars ($75,000).

8. This Court has personal jurisdiction over the Defendants pursuant to Mass. G.L. ch. 223A, § 3 because the Defendants regularly transact business in the Commonwealth of Massachusetts; they contracted to insure the Plaintiffs who are and were residents of this

Commonwealth at the time of contracting; and they have minimum contacts sufficient to submit themselves to the jurisdiction of Massachusetts' courts.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)-(c).

### Allegations Applicable to All Claims For Relief

**A. Background**

10. Computrex was, prior to its involuntary petition in bankruptcy, a company based in Louisville, Kentucky in the business of auditing freight bills.

11. Computrex is currently the subject of a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Kentucky, Lexington, Case No. 01-53755 (the "Bankruptcy Proceeding").

12. On January 30, 2004, the Insureds were served with a 63-page adversary complaint (the "D&O Action") filed by the Bankruptcy Trustee in the Bankruptcy Proceeding seeking to recover damages for, inter alia, alleged breaches of fiduciary duties, to recover dividends paid to the Insureds, to recover compensation paid to the Insureds, and to avoid and recover alleged fraudulent transfers. A true and accurate copy of this complaint is attached hereto as Exhibit B.

13. The D&O Policy was in effect with respect to the claims set forth in the Complaint at the time the D&O Action was filed.

14. The D&O Policy obligates National Union to undertake the defense of a claim if the claim is tendered by the Insureds. Clause 8 of the D&O Policy states that:

> [T]he Insureds shall have the right to tender the defense of the Claim to the Insurer, which right shall be exercised in writing by the Named Entity on behalf of the Insureds to the Insurer pursuant to the notice provisions of Clause 7 of this policy.

15. The D&O Policy alternatively provides that the insurer must advance defense

costs prior to the final disposition of a claim. Clause 8 specifically states:

> When the Insurer has not assumed the defense of the claim pursuant to this Clause 8, the Insurer shall advance nevertheless, at the written request of the Insured, Defense Costs prior to the final disposition of a Claim. Such advance payments by the Insurer shall be repaid to the Insurer by the Insureds or the Company, severally according to their respective interests, in the even and to the extent that the Insureds or the Company shall not be entitled under the terms and conditions of this policy to payment of such Loss.

16. In consideration for payment by Computrex of $8,932 for the initial term and $19,800 for the run-off endorsement, National Union assumed the risk that Insureds would make a claim on the D&O Policy and it would be required to assume the defense of or advance defense costs pursuant to such a claim. On February 6, 2004, the Insureds, through counsel, via letter tendered the defense of the D&O Action to National Union and demanded that National Union assume the defense of the D&O Action. A copy of this letter is attached hereto as Exhibit C.

17. On February 13, 2004, John Varley, a representative of National Union, left a voicemail for counsel for the Insureds. In his voicemail, he stated that National Union intended to deny coverage based on the "Prior Acts Exclusion" included in an endorsement to the Policy.

18. On February 18, 2004, John Varley reiterated the position that National Union intended to deny coverage based on the "Prior Acts Exclusion" in a conversation with the Insureds' counsel.

19. On February 24, 2004, counsel for the Insureds wrote to Mr. Varley at National Union notifying him that counsel would be entering an appearance on behalf of the Insureds in the D&O Action and requesting that National Union provide the Insured with a detailed explanation of its reasons for denying coverage under the Policy. A copy of this letter is attached hereto as Exhibit D.

20. National Union has not responded to this request and has failed to undertake the

defense of the D&O Action.

21.  Defense costs are expected to exceed $75,000.

**B.  Nature of the Insurance Dispute**

22.  The D&O Policy contains two types of coverage, A and B.  Coverage A required National Union to:

> Pay the Loss of each and every Director, Officer or Employee of the Company arising from a Claim first made against such Insureds during the Policy Period or the Discovery Period (if applicable) and reported to the Insurer pursuant to the terms of this policy for any actual or alleged Wrongful Act in their respective capacities as Directors, Officers, or Employees of the Company except when and to the extent that the Company has indemnified such Insureds. ***The Insurer shall, in accordance with and subject to Clause 8, advance Defense Costs of such Claim prior to its final disposition.***

(Emphasis added).

23.  The policy contains certain exclusions, the one most relevant to these proceedings being the one contained in Endorsement #8 which provides, in relevant part, as follows:

> In consideration of the premium being charged, it is hereby understood and agreed that the Insurer shall not be liable to make any payment for Loss arising from any Claim(s) alleging Wrongful Act(s) which occurred prior to the inception date of the Policy Period or after the end of the Policy Period.  This policy only provides coverage for Loss arising from a Claim(s) for an alleged Wrongful Act(s) occurring on or after the inception date of the Policy period and prior to the end of the Policy Period and otherwise covered by this policy.  Loss(es) arising out of the same or Related Wrongful Act(s) shall be deemed to arise from the first such same or Related Wrongful Act.

24.  The D&O Policy's term was from January 1, 2001 until December 31, 2002.

25.  Pursuant to the Run-Off endorsement, Computrex:

> Shall have the right to a period of three (3) years following the Effective Time… in which to give written notice to the Insurer of any Claim(s) first made against any Insured(s) during said three (3)

      year period for any Wrongful acts occurring on or prior to the
      Effective Time and otherwise covered by the policy.

Consequently, the Insureds may make a claim under the D&O Policy until December 31, 2005.

   26.  Included in the definition of a "Claim" under the Policy is a "civil.... proceeding for monetary or non-monetary relief which is commenced by... the service of a complaint."

   27.  Included in the definition of "Loss" are "Defense Costs" which are defined as "reasonable and necessary fees, costs and expenses... resulting solely from the investigation, adjustment, defense and appeal of a Claim against the Insureds."

   28.  Included in the definition of "Wrongful Acts" are "any breach of duty, neglect, error, misstatement, misleading statement, omission, or act by such Insureds in their respective capacities as such, or any matter claimed against such Insured solely by reason of their status as directors, officers or Employees of the Company."

   29.  "Related Wrongful Act" is defined as "Wrongful Acts which are the same, related or continuous, or wrongful acts which arise from a common nucleus of facts. Claims can allege Related Wrongful Acts regardless of whether such Claims involve the same or different claimants, Insureds or legal causes of action."

   30.  The D&O Action contains a multitude of claims against several of Computrex's former Directors and Officers. Only a portion of the allegations and claims in the D&O Action are specifically directed at the Insureds.

   31.  The D&O Action contains allegations of wrongful conduct by the Insureds relating to Computrex's decision to "spin-off" two corporations, Computrex International, Inc. and CX/IT, Inc. The "spin-off" of these corporations occurred on March 10, 2001.

   32.  The D&O Action also contains allegations that the Insureds, in their capacity as members of the Board of Directors of Computrex, improperly received dividends in the form of

both cash and stock in 2001.

33. The D&O Action also contains allegations that the Insureds in their capacity as members of the Board of Directors improperly approved bonuses to Computrex executives in July and August of 2001.

34. The D&O Action also contains allegations that the Insureds in their capacity as members of the Board of Directors of Computrex improperly received fees for their service on the Board of Directors in 2001.

35. As indicated in the preceding paragraphs, the claims asserted by the Trustee in the D&O Action arise out of allegations concerning events that occurred in 2001, after the inception date of the policy. Under the plain language of the endorsement, the D&O Policy applies to "Wrongful Act(s) occurring on or after the inception date of the D&O Policy period and prior to the end of the Policy Period." The allegations in the D&O Action are covered under the D&O Policy because the alleged "Wrongful Act(s)" asserted by the Trustee against the Insureds in the D&O Action took place in the year 2001 and notice was given to National Union during the Run-Off Period. Finally, the claims do not constitute "Related Wrongful Act(s)" under the terms and provisions of the D&O Policy because any alleged "Wrongful Act(s)" taking place before the Policy Period were separate, distinct, and independent.

## COUNT I
### (28 U.S.C. Section 2201 -- Declaratory Judgment)

36. The Plaintiffs reallege and incorporate herein by reference the allegations contained in all the preceding paragraphs as if set forth verbatim herein.

37. Pursuant to 28 U.S.C. §2201, the Plaintiffs request that the Court enter judgment declaring that: (1) the "Prior Acts Exclusion" does not apply to the claims raised in the D&O Complaint and, therefore, (2) National Union is required to defend the D&O Action or advance

Defense costs of the Insureds associated with the D&O action.

## COUNT II
### (Breach of Contract)

38.     The Plaintiffs reallege and incorporate herein by reference the allegations contained in all the preceding paragraphs as if set forth verbatim herein.

39.     National Union has unreasonably refused to undertake the defense of the D&O Action or to advance or reimburse defense costs as it is required to under the D&O Policy. Plaintiffs request that the Court award them immediate reimbursement of all losses incurred by them to date as a result of the defense of the action filed against them by the Trustee.

WHEREFORE, the Plaintiffs demand that judgment be entered in their favor as follows:

>  (a)     With respect to Count I, declaring, pursuant to 28 U.S.C. §2201, that: (1) the "Prior Acts Exclusion" does not apply to the claims raised in the D&O Complaint, and, therefore, (2) National Union is required to defend the D&O Action or advance Defense costs of the Insureds associated with the D&O Complaint;
>
>  (b)     With respect to Count II, the immediate award of defense costs incurred to date in defending the D&O Complaint; and
>
>  (c)     Granting the Plaintiffs such other and further relief as the Court may deem just and proper, including, without limitation, the attorneys' fees and costs of this action.

Respectfully submitted,
MELINDA BROWN AND TREFFLE LAFLECHE
By their attorneys,

_____
Daniel J. Kelly, BBO # 553926
B. Michael Ortwein, III BBO# 654836
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000

Dated:  April 2, 2004