UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO: 04 10685 WGY

| | |
|---|---|
| MELINDA BROWN and <br> TREFFLE LAFLECHE, | ) <br> ) |
| Plaintiffs | ) <br> ) |
| VS. | ) <br> ) |
| AMERICAN INTERNATIONAL GROUP, <br> INC. and NATIONAL UNION FIRE <br> INSURANCE COMPANY OF <br> PITTSBURGH, PENNSYLVANIA, | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants | ) |

## ANSWER TO PLAINTIFFS' COMPLAINT

The Defendants, American International Group, Inc. ("AIG") and National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") answer to Plaintiffs' Complaint by answering the numbered paragraphs thereof as follows:

### Preliminary Statement

1. The allegations of paragraph 1 are descriptions of the goal of the Plaintiffs' Complaint and do not require any Answer. To the extent the descriptions are read to allege any other facts, all such allegations are denied.

### The Parties

2. Defendants admit the Melissa Brown and Treffle LeFleche are former directors of Computrex. Defendants deny that said persons are direct beneficiaries of the D&O Policy at issue in these proceedings.

3. Defendant, AIG admits that it is the parent company of certain insurance companies including National Union.  It denies that the policy identifies it as an insurer stating that instead a coverage description form proved by the insurance agent or broker states that AIG is the insurer.  Further answering  AIG denies it is an insurer and denies that it has issued a policy of insurance in this matter.

4. Admitted.

5. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 5 and they are therefore denied.

6. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 6and they are therefore denied.

### Jurisdiction and Venue

7. Admitted.

8. Admitted as to National Union. Denied as to AIG..

9. Admitted that venue is proper under 28 U.S.C. § 1391 (a) and (c).

### Allegations Applicable to All Claims for Relief

**A. Background**

10. Admitted except that the Defendants lack knowledge or information sufficient to form a belief as to whether or not Computrex was engaged solely in the business of auditing freight bills.

11. Admitted.

12. Admitted.

13. Denied as stated. The Defendants admit that the run off endorsement to the policy was in effect at the time the Directors and Officers Action (D&O Action) was filed.

14. Defendants admit that Clause 8 of the D&O Policy contains among other provisions the quoted language set forth therein but deny that the policy obligates National Union to undertake the defense of a claim if the claim is tendered by the insureds because any such obligation arises only as to claims "for which coverage is provided" by the policy and the policy at issue in this case does not provide such coverage.

15. Defendants admit that Clause 8 of the D&O Policy contains the quoted language set forth therein but deny that National Union must advance defense costs for a claim when the claim is tendered by the insureds because any such obligation arises only as to claims "for which coverage is provided" by the policy and the policy at issue in this case does not provide such coverage.

16. The Defendants admit payment for the initial term and for the run off endorsement. The Defendants deny that it assumed the risk that it would be required to assume the defense of or advance defense costs pursuant to any claims made against its insured's inasmuch as such obligation applied only to covered claims. Defendant admits the remaining allegations of paragraph 16.

17. Admitted.

18. Admitted.

19. Admitted.

20. Defendants deny that National Union has not responded to the request described in paragraph 19 and states that it did so respond by a letter dated April 5, 2004. The Defendants admit that National Union did not undertake the defense of the D&O action.

21. The Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 21.

A.  **Nature of the Insurance Dispute**

22. The Defendants admit the allegations of the first sentence of paragraph 22. They deny that the requirements of coverage A are fully set out set out in its subparagraph and deny that said subparagraph constitutes the entire insuring agreement.

23. The Defendants admit that the exclusion contained in Endorsement #8 is properly set out in subparagraph 23 and is relevant to these proceedings. The Defendants deny that the exclusion in Endorsements #8 has any greater relevance to these proceedings than other policy provisions and exclusions.

 24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Defendants admit the allegations of the first sentence of paragraph 30 and deny the remaining allegations of said paragraph.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. The allegations of Paragraph 35 state conclusions of law to which no answer is required. To the extent they are read as allegations of fact, the Defendants deny each and every such allegation contained in paragraph 35.

## COUNT I

36. Defendants repeat their answers to paragraphs 1 through 35 as if specifically set forth herein.

37. The allegations of paragraph 37 appear to be a request for relief for which no answer is required. The request for relief should, however, be denied.

## COUNT II

38. Defendants repeat their answers to paragraphs 1 through 37 as if specifically set forth herein.

39. Denied.

By way of added defenses, the defendants say:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted against the defendant American International Group, Inc. (AIG) because it makes no allegations that AIG furnished a policy of insurance to plaintiffs or otherwise had any legal duty to them.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for either the assumption of their defense or the advancement of defense costs are barred by the provisions of the Insuring Agreement limiting such policy benefit to claims "for which coverage is provided" by the policy and there is no such coverage for the claims asserted against them.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the alleged wrongful acts set out in the Trustee's Complaint against them either occurred prior to the inception date of the policy or are "Related Wrongful Acts" to those pre-inception acts.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are excluded from coverage by the provision of Exclusion 4 (a) of the policy excluding payment for loss in connection with a claim made against an insured "arising out of, based upon or attributable to the gaining in fact of any profit or advantage to which an insured is not legally entitled."

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are excluded from coverage by the provision of Exclusion 4 (c) of the policy excluding payment for loss in connection with a claim made against an insured "arising out of , based upon or attributable to the committing in fact of any criminal , fraudulent or dishonest act, or any willful violation of any statute, rule or law."

### SIXTH AFFIRMATIVE DEFENSE

Any judgment against the insureds requiring repayment of improper dividends, bonuses or expense reimbursements will not constitute covered losses under said policy.

WHEREFORE, the defendants and each of them request that the Court dismiss the plaintiffs' Complaint, enter a declaration that neither one of them has any duty to

6

provide a defense, advance defense costs or pay any judgment against the plaintiffs and make such other orders as are appropriate to the circumstances.

By their attorneys,

FINNEGAN, UNDERWOOD,
RYAN & TIERNEY

s/ John G. Ryan

_____

John G. Ryan
22 Batterymarch St., 4th Floor
Boston, MA 02109
617-348-9200
BBO #435560

May 10, 2004.