UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELINDA BROWN and TREFFLE LAFLECHE,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,<br><br>Defendants. | C. A. No. 04-10685 GAO |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**EXHIBIT 5**

 **G A D S B Y   H A N N A H** LLP

Daniel J. Kelly
dkelly@ghlaw.com

Tel: 617 345 7026
Fax: 617 204 8026

February 24, 2004

VIA OVERNIGHT DELIVERY

National Union Fire Insurance Company of Pittsburgh, PA
175 Water Street
New York, NY 10038

Attention: John Varley

      Re:    Treffle LaFleche and Melinda Brown

225 Franklin Street
Boston MA 02110

Tel  617 345 7000
Fax 617 345 7050

www.ghlaw.com

Dear Mr. Varley:

    The undersigned represents Treffle LaFleche and Melinda Brown ("Insureds"), two former directors of the Lexington, Kentucky-based company Computrex, Inc., now the subject of a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Kentucky, Lexington ("Court"), Case No. 01-53755. By letter dated February 6, 2004, we provided you with notice of claims made against the Insured by the Trustee in the bankruptcy proceeding, and requested that National Union defend those claims pursuant to a Directors, Officers and Private Company Liability Insurance Policy issued by National Union, Policy No. 72-35-08 and Run-Off Endorsement (the "Policy").

    On February 13, 2004, we received a voice mail from you stating that National Union intended to deny coverage on the basis of the "prior acts" exclusion included in an endorsement to the Policy. You reiterated this in a conversation with my partner, Chad Dale, in a conversation on February 18, 2004.

    This is to advise you that we will be filing an appearance on behalf of the Insureds in the bankruptcy proceeding, and requesting an extension of four months of the discovery and trial deadlines included in the Court's omnibus scheduling order which we forwarded to you in our letter of February 6, 2004. We request that you immediately provide us in writing notice of your decision to disclaim coverage and a detailed explanation as to the basis for the disclaimer. Until we receive such a written explanation, the Insureds will not be in a position to evaluate the merits of your decision to disclaim coverage, and to determine whether to pursue an action against National Union to require it to defend the claims raised against the Insureds. Given the accelerated schedule imposed on the Insureds by the Court, your decision to deny coverage, as orally

February 24, 2004
Page 2

**G A D S B Y   H A N N A H** LLP

communicated to us, significantly prejudices the Insureds' ability to defend and resolve the claims brought against them by the Trustee.

Very truly yours,

Daniel J. Kelly

DJK:tm

B0351905v1