UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELINDA BROWN and TREFFLE LAFLECHE, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN INTERNATIONAL GROUP, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, <br><br> Defendants. | C. A. No. 04-10685 GAO |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

### EXHIBIT 6

John F. Varley, III, Esq.
Complex Claims Director
Direct Dial (212) 458-1339
Fax (866) 735-0563
e-mail john.varley@aig.com



AIG Technical Services, Inc.
175 Water Street
New York, NY 10038
212.770.7000

April 5, 2004

Daniel J. Kelly
Gadsby Hannah, LLP
225 Franklin Street
Boston, MA 02110

Richard L. Brittain
Bird & Loechl, LLC
1150 Monarch Plaza
3414 Peachtree Road, NE
Atlanta, GA 30326

K. Gail Russell
Goldberg & Simpson
3000 National City Tower
101 S. Fifth Street
Louisville, KY 40202-3118

Re:   Insured:        Computrex, Inc.
      Claimant::      James D. Lyon
      Policy No.:     872-35-08
      Policy Period:  January 1, 2001 to January 31, 2002
      Claim No.:      659-000011-001

Ladies and Gentlemen:

We have been retained by National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union ") in the matter reported in your correspondence dated February 2004. The above claim number has been assigned to this matter.

Your letters referenced policy number 872-35-08 issued to Computrex, Inc ("Computrex or the "Company"), with a policy period from January 1, 2001 to January 31, 2002. The Policy has an aggregate limit of $1,000,000 inclusive of defense costs and expenses, with a $25,000 retention ($100,000 for securities claims). Pursuant to Endorsement 12, the Policy converted to Run-Off coverage effective January 31, 2002. Run-Off coverage is afforded to January 31, 2005.

Enclosed with each of your letters was an Adversary Complaint filed by the Bankruptcy Trustee James D. Lyon. The Complaint was filed in the United States Bankruptcy Court for the Eastern District of Kentucky and names several Officers and Directors of the Company as well as a non insured accountant Arthur Dana and

a non insured Professional Services Firm Tatum CFO Partners, LLP. The Complaint alleges a course of conduct commencing at the latest in January 2000, whereby the defendants breached their Fiduciary Duty to the Corporation by among other things, continuing the Companies business during insolvency based upon a Ponzi Scheme, awarding improper bonuses and shareholder dividends, and spinning off of related entities as a predicate to the filing of the Bankruptcy Petition. The Complaint contains counts alleging , Breach of Fiduciary Duty to the Creditors, Fraudulent Conveyance, Violations of RICO, Negligence, Fraud, and seeks the return of various inappropriate payments made to and by the various defendants.

Pursuant to Coverage A of the Policy, subject to its terms as set forth above, as well as conditions, exclusions and any relevant legal limitations the Policy shall pay the loss of each and every Director, Officer and Employee arising from a claim first made against such Insureds during the Policy Period or the Discovery Period and reported to the Insurer pursuant to the terms of the Policy for any actual or alleged Wrongful Act in their respective capacities as Directors, Officers or Employees of the Company.

Pursuant to Endorsement 8 of the Policy, the above coverage is modified to the extent that "the Insurer shall not be liable to make any payment for Loss arising from any Claim(s) alleging Wrongful Act(s) which occurred prior to the inception date of the Policy Period or after the end of the Policy Period.  This Policy only provides coverage for Loss arising from a Claim(s) for an alleged Wrongful Act(s) occurring on or after the inception date of the Policy Period and prior to the end of the Policy Period and otherwise covered by this Policy. Loss arising out of the same or Related Wrongful Act(s) shall be deemed to arise from the first such same or Related Wrongful Act."

Pursuant to Section 2(p) of the Policy, Related Wrongful Acts shall mean "Wrongful Acts which are the same, related or continuous, or Wrongful Acts which arise from a common nucleus of facts. Claims can allege Related Wrongful Acts regardless of whether such Claims involve the same or different claimants, Insureds or legal causes of action."

Based upon a review of the Complaint it is apparent that the Wrongful Acts alleged occurred prior to the inception date of the Policy and that any Wrongful Acts alleged during the Policy Period are clearly Related Wrongful Acts as that term is defined in the Policy. As such, there can be no coverage for the Claim.

In light of the allegations in the Complaint, the following Policy exclusions may also be implicated.  Section 4(a) of the Policy precludes coverage for claims "arising out of, based upon or attributable to the gaining in fact of any profit or advantage to which the Insured was not legally entitled." If the Company or Individual Defendants improperly profited from the wrongs alleged in the Complaint, Loss attributable to the Company or the Individual Defendants would not be covered as a result of the exclusion contained in Section 4(a) of the Policy.  Likewise Section 4 ( c ) of the Policy precludes coverage for Claims

arising out of, based upon or attributable to the committing of any criminal, fraudulent or dishonest act, or any willful violation of any statute, rule or law.

I must also direct your attention to Section 2(k) of the Policy which defines Loss. Any repayment of improper dividends, expense reimbursements or bonuses would fall outside the definition of Loss and not be covered. The definition of Loss also excludes civil or criminal fines and penalties as well as punitive, exemplary and multiple damages.

Please advise whether notice of these matters has been provided to any other carrier and, if so, please provide a copy of such carrier's coverage position. Please note that pursuant to Section 14 of the Policy, insurance as may be provided under the Policy applies only as excess over any other valid and collectible insurance, unless such other insurance is written only as specific excess insurance over the limit of liability provided by the Policy. The Policy provides that it shall specifically be excess over any other valid and collectible insurance pursuant to which any other Insurer has a duty to defend a claim or for which this Policy may be obligated to pay Loss.

National Union continues to reserve all rights and defenses it has under its Policy and applicable law, whether or not specifically referenced herein, to deny coverage and/or rescind the Policy upon any terms, conditions, exclusions, endorsements and other provisions of its Policy, including statements, declarations, and omissions made in connection with the application(s) therefore, as may be found to apply.

If you wish to bring any other information to our attention that you believe may be relevant to these matters, or if you have questions, please do not hesitate to contact me.

Very truly yours,

John F. Varley, III
Complex Claims Director


Cc: Sandra Bevil, Acordia of Kentucky