UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELINDA BROWN and TREFFLE LAFLECHE,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,<br><br>Defendants. | C. A. No. 04-10685 WGY |

**AFFIDAVIT OF DANIEL J. KELLY, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

I, Daniel J. Kelly, Esq., do hereby depose and say as follows:

1. My name is Daniel J. Kelly, and I am a partner with the law firm of Gadsby Hannah LLP located in Boston, Massachusetts. I am counsel for Plaintiffs Melinda Brown and Treffle LaFleche (the "Plaintiffs"). I submit this affidavit in support of Plaintiffs' Motion for Summary Judgment, pursuant to FED. R. CIV. P. 56, to place the documents described below before the Court, and to further attest, based upon personal knowledge, to the facts contained herein.

2. Submitted herewith as Exhibit 1 is a true and accurate copy of the complaint filed in the United States District Court for the District of Massachusetts, on April 2, 2004, in connection with Brown v. Am. Int'l Group, Inc., et al., C. A. No. 04-10685 GAO.

3. Submitted herewith as Exhibit 2 is a true and accurate copy of the Directors and Officers Corporate Liability Policy No. 872-35-08 and Run-Off Endorsement (the "D&O

B0362091v1

Policy") issued by American International Group, Inc. ("AIG") and National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") (collectively the "Defendants") to Computrex, Inc.'s ("Computrex") officers and directors, which includes the Plaintiffs.

4. Submitted herewith as Exhibit 3 is a true and accurate copy of an adversary complaint (the "D&O Complaint") filed by the Bankruptcy Trustee against the Plaintiffs seeking to recover damages for, inter alia, alleged breaches of fiduciary duties, to recover dividends paid to the Insureds, to recover compensation paid to the Insureds, and to avoid and recover alleged fraudulent transfers.

5. Submitted herewith as Exhibit 4 is a true and accurate copy of a letter sent by me, Daniel J. Kelly, Esq., to the Defendants on February 6, 2004.

6. Submitted herewith as Exhibit 5 is a true and accurate copy of a letter sent by me, Daniel J. Kelly, Esq., to John F. Varley, III, AIG Claims Manager, on February 24, 2004.

7. Submitted herewith as Exhibit 6 is a true and accurate copy of a letter sent to and received by me from John F. Varley, AIG Claims Manager, on April 5, 2004.

I, Daniel J. Kelly, Esq., do hereby further depose and say:

8. AIG is a corporation organized under the laws of Delaware with its principle place of business in New York, New York. AIG is the parent company of a host of member insurance companies, including National Union.

9. National Union is a corporation organized under the laws of the Commonwealth of Pennsylvania with its principle place of business in New York, New York.

10. Computrex is currently the subject of a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Kentucky, Lexington, Case No. 01-53755.

B0362091v1

11. In consideration for payment by Computrex of $8,932 for the initial term and $19,800 for the run-off endorsement, the Defendants assumed the risk that Insureds would make a claim on the D&O Policy and that they would be required to assume the defense of or advance defense costs pursuant to such a claim.

12. The Defendants failed to respond to the Plaintiffs request for a detailed explanation of its reasons for denying coverage before the Plaintiffs filed the instant action on April 2, 2004.

13. John F. Varley, III, AIG Claims Manager, asserted, for the first time, that "Exclusion 4(a)" and "Exclusion 4(c)" as contained in the D&O Policy may preclude coverage of the Plaintiffs claims in his letter dated April 5, 2004.

14. The Defendants have not disputed that the claims asserted against the Plaintiffs in the D&O Complaint are covered by the general scope of coverage under the D&O Policy. They only assert that the claims are subject to an exclusion from coverage.

15. The Insureds may make a claim under the D&O Policy until January 1, 2005.

16. The D&O Policy does not contain a "Choice of Law" provision.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 10TH DAY OF MAY, 2004.

/s/ Daniel J. Kelly
Daniel J. Kelly, Esq.

B0362091v1