UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO: 04 10685 WGY

| | |
|---|---|
| MELINDA BROWN and <br> TREFFLE LAFLECHE, <br> <br> Plaintiffs <br> <br> VS. <br> <br> AMERICAN INTERNATIONAL GROUP, <br> INC. and NATIONAL UNION FIRE <br> INSURANCE COMPANY OF <br> PITTSBURGH, PENNSYLVANIA, <br> <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S AMENDED
ANSWER TO PLAINTIFFS' COMPLAINT**

Pursuant to Rule 15 (a) the Defendants, American International Group, Inc. ("AIG") and National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") hereby amend the answer to Plaintiffs' Complaint by striking the prior Answer and answering the numbered paragraphs of the Complaint as follows:

**Preliminary Statement**

1. The allegations of paragraph 1 are descriptions of the goal of the Plaintiffs' Complaint and do not require any Answer. To the extent the descriptions are read to allege any other facts, all such allegations are denied.

## The Parties

2. Defendants admit the Melissa Brown and Treffle LeFleche are former directors of Computrex. Defendants deny that said persons are direct beneficiaries of the D&O Policy at issue in these proceedings.

3. Defendant, AIG admits that it is the parent company of certain insurance companies including National Union. It denies that the policy identifies it as an insurer. Instead Defendant states, a coverage description form proved by the insurance agent or broker states that AIG is the insurer. Further answering, AIG denies it is an insurer and denies that it has issued a policy of insurance in this matter.

4. Admitted.

5. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 5 and they are therefore denied.

6. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 6 and they are therefore denied.

## Jurisdiction and Venue

7. Admitted.

8. Admitted as to National Union. Denied as to AIG.

9. Admitted that venue is proper under 28 U.S.C. § 1391 (a) and (c).

**Allegations Applicable to All Claims for Relief**

A. **Background**

10. Admitted except that the Defendants lack knowledge or information sufficient to form a belief as to whether or not Computrex was engaged solely in the business of auditing freight bills.

11. Admitted.

12. Defendants admit the allegations of the first sentence of Paragraph 12. Defendant denies the allegations of the second sentence thereof in as much as the Exhibit B served upon these Defendants did not contain some 15 Exhibits referred to in the Bankruptcy Complaint.

13. Denied as stated.  The Defendants admit that the run off endorsement to the policy was in effect at the time the Directors and Officers Action (D&O Action) was filed.

14.  Defendants deny that Clause 8 of the D&O Policy is correctly quoted by the Plaintiffs in that the described right is a "right which shall be exercised in writing by the Named Entity on behalf of all Insureds" rather than on behalf of "the Insureds" as stated. Further, the actual policy language does not obligate National Union to undertake the defense of a claim tendered by the named Plaintiffs rather than the Named Entity and any such defense must be requested on behalf of all Insureds not just the two Plaintiffs here. Finally, there is also no obligation to provide a defense to any Insured because any such obligation arises only as to claims "for which coverage

is provided" by the policy and the policy at issue in this case does not provide such coverage.

15. Defendants deny that Clause 8 provides that National Union <u>must</u> advance defense costs prior to the final disposition of the claim. The Defendants further deny that the provisions of Clause 8 quoted in Paragraph 25 are complete in either text or meaning because it contains the added provision that "in all events the Insurer may withhold consent to any . . . Defense Costs, or any portion thereof, to the extent such Loss is not covered under the terms of this policy."

16. The Defendants admit payment for the initial term and for the run off endorsement.  The Defendants deny the remaining allegations of the first sentence of Paragraph 16.  Defendants admit receipt of the February 6, 2004 letter attached as Exhibit C and state said letter does not constitute the tender of the defense to National Union in that it was not made by the Named Entity on behalf of all Insureds as required.

17. Admitted.

18. Admitted.

19. Admitted.

20. Defendants deny that National Union has not responded to the request described in paragraph 19 and state that it did so respond by a letter dated April 5, 2004. The Defendants admit that National Union did not undertake the defense of the D&O action.

21. The Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 21.

**A. <u>Nature of the Insurance Dispute</u>**

22. The Defendants admit the allegations of the first sentence of paragraph 22. They deny that the requirements of coverage A are fully set out set out in its subparagraph and deny that said subparagraph constitutes the entire insuring agreement.

23. The Defendants admit that the exclusion contained in Endorsement #8 is properly set out in subparagraph 23 and is relevant to these proceedings. The Defendants deny that the exclusion in Endorsements #8 has any greater relevance to these proceedings than other policy provisions and exclusions.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Defendants admit the allegations of the first sentence of paragraph 30 and deny the remaining allegations of said paragraph.

31. Admitted. Further answering, the Defendants say the D&O Complaint contains allegations of wrongful conduct by these Plaintiffs relating to added acts which occurred prior to the policy effective date.

32. Admitted. Further answering, the Defendants say the D&O Complaint contains allegations of wrongful conduct by these Plaintiffs relating to added acts which occurred prior to the policy effective date.

33. Admitted. Further answering, the Defendants say the D&O Complaint contains allegations of wrongful conduct by these Plaintiffs relating to added acts which occurred prior to the policy effective date.

34. Admitted. Further answering, the Defendants say the D&O Complaint contains allegations of wrongful conduct by these Plaintiffs relating to added acts which occurred prior to the policy effective date.

35. The allegations of Paragraph 35 state conclusions of law to which no answer is required. To the extent they are read as allegations of fact, the Defendants deny each and every such allegation contained in paragraph 35.

## COUNT I

36. Defendants repeat their answers to paragraphs 1 through 35 as if specifically set forth herein.

37. The allegations of paragraph 37 appear to be a request for relief for which no answer is required. The request for relief should, however, be denied.

## COUNT II

38. Defendants repeat their answers to paragraphs 1 through 37 as if specifically set forth herein.

39. Denied.

By way of added defenses, the Defendants say:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted against the Defendant American International Group, Inc. (AIG) because it makes no

allegations that AIG furnished a policy of insurance to Plaintiffs or otherwise had any legal duty to them.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for either the assumption of their defense or the advancement of defense costs are barred by the provisions of the Insuring Agreement limiting such policy benefit to claims "for which coverage is provided" by the policy and there is no such coverage for the claims asserted against them.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the alleged wrongful acts set out in the Trustee's Complaint against them either occurred prior to the inception date of the policy or are "Related Wrongful Acts" to those pre-inception acts.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are excluded from coverage by the provision of Exclusion 4 (a) of the policy excluding payment for loss in connection with a claim made against an insured "arising out of, based upon or attributable to the gaining in fact of any profit or advantage to which an insured is not legally entitled."

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are excluded from coverage by the provision of Exclusion 4 (c) of the policy excluding payment for loss in connection with a claim made against an insured "arising out of, based upon or attributable to the committing in fact of any criminal, fraudulent or dishonest act, or any willful violation of any statute, rule or law."

### SIXTH AFFIRMATIVE DEFENSE

Any judgment against the insureds requiring repayment of improper dividends, bonuses or expense reimbursements will not constitute covered losses under said policy.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for the assumption of their defense are barred by the provisions of the Insuring Agreement limiting the assumption of defense to requests made by the Named Entity and the provisions of Clause 8 that such request be made on behalf of all Insureds and no such request was made.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for the advancement of defense costs are barred by the provisions of the Insuring Agreement and the provisions of Clause 8 that such request may be denied to the extent the described Loss is not covered by the policy as is the case here.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted because they have failed to join the other officers and directors entitled to share in any insurance proceeds so that any judgment rendered in their absence may be potentially prejudicial to such other officers and directors and because the Defendants may be subjected to substantial risks of incurring double, multiple, or otherwise inconsistent obligations unless such persons are joined.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs fail to state a claim upon which relief can be granted under the Declaratory Judgment Act 28 U.S.C.A Sec. 2201 by reason of non-joinder of the other officers and directors who are interested persons if not also indispensable parties.

**ELEVENTH AFFIRMATIVE DEFENSE**

Notice of claims under the "Run-Off Endorsement" is required to come from the Named Entity described in the policy and no such notice has been received.

WHEREFORE, the Defendants jointly and individually request that the Court dismiss the Plaintiffs' Complaint, enter a declaration that neither one of them has any duty to provide a defense, nor to advance defense costs or pay any judgment against the Plaintiffs and make such other orders as are appropriate to the circumstances.

By their attorneys,

FINNEGAN, UNDERWOOD,
RYAN & TIERNEY

s/ John G. Ryan
_____
John G. Ryan
22 Batterymarch St., 4th Floor
Boston, MA 02109
617-348-9200
BBO #435560

May 24, 2004.