UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO:  04 10685 WGY

| | |
|---|---|
| MELINDA BROWN and <br> TREFFLE LAFLECHE, <br><br> Plaintiffs <br><br> VS. <br><br> AMERICAN INTERNATIONAL GROUP, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, <br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) |

<u>LR 5.1 (c) – Request For Special Action</u> - Determination Prior to Plaintiffs' Reply Brief to Opposition To Plaintiffs' Summary Judgment Motion

**<u>DEFENDANTS' MOTION TO ORDER A CONTINUANCE OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56 (f), Fed. R. Civ. P.</u>**

Each of the Defendants moves pursuant to Rule 56 (f), Fed. R. Civ. P., that the Court order a continuance of the hearing on Plaintiffs' Motion For Summary Judgment now scheduled for June 21, 2004, at 2:00 P.M. to permit limited discovery the Defendants' attorneys believe is required in order to present all of the facts needed for adjudication including its own Cross-Motion For Summary Judgment and a Motion To Dismiss For Failure to Join Required Parties.

In support for this Motion, each Defendant says that the Adversary Complaint in the United States Bankruptcy Court, Eastern District of Kentucky, Lexington Division

1

(hereafter "the D&O Action "), attached as Exhibit B to Plaintiffs' Complaint, shows on its face that the named Plaintiffs here are being sued for their alleged liability as directors and/or officers of Computrex, Inc. for acts in which they participated prior to the January, 2001 inception of the policy (the D&O Policy) issued by the Defendant, National Union Fire Insurance Co. of Pittsburgh, Pa. (National Union).  In the circumstance here, where the National Union policy contains no duty to defend its insured, it is proper for National Union to have declined the request for defense as it has on the basis of the Prior Acts Exclusion (Endorsement 8) in the policy.  Further, the allegations in the D&O Action that: (1) the Plaintiffs were directors of Computrex, Inc. as least as early as 1999 and perhaps earlier (Pars. 9, 13 and 34); (2)  a memo of June 22 (not contained in the copy of the D&O Action complaint served upon the Defendants) declared that Computrex, Inc. was insolvent (Par. 47); and (3) the allegation that on June 30, 2000 had a deficit net worth of $12,386,783.00 (Par. 48) are adequate in themselves to require at least an Affidavit of a knowledgeable person that they are untrue.  Otherwise, they clearly describe information the officers and directors either had or should have had before undertaking any of the actions described as occurring after that date.  All such later acts, including those set out in Paragraphs 31 through 34 of the Complaint of the Plaintiffs in this action are on their face Related Wrongful Acts to those acts which pre-dated the effective date of the D&O Policy.  The asserted violations of Kentucky statutes relative to the repurchase of stock while the corporation was insolvent (par. 57) finalized on September 14, 2000 plus the "continuation of business" itself were all Related Wrongful Acts which occurred prior to the January 1, 2001 effective date of the D&O Policy.  Thus, it is Defendant's position that it has appropriately denied coverage on the basis of

the Complaint alone and has no added duty to await an independent determination of the facts as would arguably be the case involving a policy with a duty to defend.

However, the attached Affidavit of the Defendants' counsel sets forth additional reasons why counsel believes essential facts need to be established in order to provide additional facts necessary to its opposition to the Plaintiffs' Motion For Summary Judgment through proper Affidavits made upon personal knowledge by competent affiants. **(Attached as Exhibit 1)**. Such facts are also necessary for Defendants to present their own dispositive Cross-Motion For Summary Judgment and/or Motion To Dismiss for failure to join necessary parties. Plaintiffs' efforts to short-cut reasonable processes to lead the court to Summary Judgment should be thwarted by allowing the Defendants' Motion to Continue so that an updated Opposition, together with positive Motions can be filed to move the case to proper adjudication.

WHEREFORE, each Defendant moves that the Court continue Plaintiffs' Motion For Summary Judgment pending receipt of the material described in the attached Affidavit and a reasonable discovery period thereafter before Opposition and other Briefs are due.

By their attorneys,

Dated: May 25, 2004

FINNEGAN, UNDERWOOD, RYAN & TIERNEY

/s/ John G. Ryan
John G. Ryan
22 Batterymarch St., 4th Floor
Boston, MA 02109
617-348-9200
BBO #435560

**Rule 7.1 (A) (2) Certification**.

This is to certify that I, John G. Ryan, discussed the above Motion with counsel for the Plaintiffs and we attempted in good faith to resolve or narrow the issue but were unable to agree.

s/ John G. Ryan