UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO:  04 10685 WGY

| | |
|---|---|
| MELINDA BROWN and | ) |
| TREFFLE LAFLECHE, | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| VS. | ) |
| | ) |
| AMERICAN INTERNATIONAL GROUP, | ) |
| INC. and NATIONAL UNION FIRE | ) |
| INSURANCE COMPANY OF | ) |
| PITTSBURGH, PENNSYLVANIA, | ) |
| | ) |
| Defendants | ) |

**AFFIDAVIT OF COUNSEL IN SUPPORT OF DEFENDANTS' MOTION TO ORDER A CONTINUANCE OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

I, John G. Ryan, a resident of Boston, Massachusetts and an attorney admitted to practice in this Court, on oath depose and say as follows:

1. I have been retained by the defendants American International Group, Inc. (AIG) and National Union Fire Insurance Company of Pittsburgh, PA. (National Union) to defend this action seeking declaratory and other relief.

2. My examination of the Complaint has disclosed to me a number of issues which require clarification in order for the Defendants to present, by affidavit, facts essential to their opposition. Those facts involve matters which have not been admitted by the Plaintiffs or otherwise supported by material in Plaintiffs' possession or control which must be examined in order for the defendants to be in a position to meet their obligations

1

under Rule 56 (e) to present affidavits made on behalf of Defendants and based on personal knowledge by a competent affiant.

3. The following material, which it is fair to assume is or will be in the possession and control of the Plaintiffs, is expected to produce information which will enable the Defendants to meet their obligations with little or no added discovery:

    a. Each Exhibit attached to the adversary complaint (the "D&O Action") described in Paragraph 12 of the Complaint in this action;

    b. Each and every document produced in response to the attached March 9, 2004 Request For Production of Documents apparently made by the Plaintiffs upon the Trustee for the Bankruptcy Estate of Computrex, Inc. **(Attached as Exhibit 2)**;

    c. A statement of all dates in which either Plaintiff served as an officer or director of Computrex, Inc. to clarify unclear responses to the Complaint in the D&O Action to Paragraphs 9, 13 and 34; and

    d. Copies of any Minutes or other corporate records of Computrex, Inc. for each meeting of the Directors or any Committees of the Board of Directors attended by the Plaintiffs, whether separately or together; and

    e. Transcripts of the any examinations in the D&O Action of each Plaintiff in this action.

4. Once such material is produced, it is counsel's belief that either depositions of each Plaintiff or responses to Interrogatories should suffice to enable agents, servants and employees of the Defendants to prepare and file proper Affidavits to bring about disposition of this matter; accordingly, it is requested that the Court establish a discovery and briefing schedule to accomplish that goal.

3

5. In making this Affidavit, I do not act as a witness for my clients but make the Affidavit solely in my capacity as counsel responsible for obtaining proper material to enable my clients to formally oppose the Plaintiffs' Motion For Summary Judgment which Motion, in their view, has no merit and to bring dispositive Motions on their behalf..

    Signed under the pains and penalties of perjury this 25th day of May, 2004.


                                        /s/ John G. Ryan  
                                        John G. Ryan  
                                        BBO#435560

May 25, 2004.