# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| COMPUTREX, INC., | ) | Chapter 7 |
| | ) | Case No. 01-53755 |
| Debtor. | ) | |
| | ) | |
| JAMES D. LYON, Trustee for the bankruptcy Estate of Computrex, Inc., | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Adv. Pro. No. 04-5051 |
| v. | ) ) | |
| Melinda Brown, Milton Cleve Collins, Arthur Dana, Peter LaFleche, Treffle LaFleche, Edward Linquist, Gary Pershbacher, Ronald Schaupp, Tatum CFO Partners, LLP, and Jonathon Wilfong, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS OF DEFENDANTS MELINDA BROWN AND TREFFLE LAFLECHE DIRECTED TO <u>JAMES D. LYON, TRUSTEE</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure made applicable to these proceedings by Rule 7034 of the Federal Rules of Bankruptcy Procedure, Defendants Melinda Brown and Treffle LaFleche (the "Defendants") hereby requests that James D. Lyon, the Chapter 7 Trustee (the "Trustee") of the estate of Computrex, Inc. (the "Debtor") produce and permit to inspect and copy at the offices of Gadsby Hannah LLP, 225 Franklin Street, Boston, MA 02110 within thirty days from the service hereof such of the following documents in the Trustee's possession, custody and control.

B0351951v1

These requests to produce are continuing, and to the extent that answers may be enlarged or modified by information subsequently acquired by the Trustee or his counsel, the Trustee is directed to serve supplemental responses and documents.

## DIRECTIONS AND INSTRUCTIONS

The meaning of all non-defined terms shall be in accordance with their ordinary and accepted usage. In addition:

A.   "Communication" means any manner or form of information or message transmission, however produced or reproduced, whether by document, orally or otherwise, that is made, distributed or circulated between or among persons or data storage or processing units and any and all document containing, consisting of or in any way relating or referring to a communication.

B.   "You," or "your" refers to James D. Lyon, as Chapter 7 Trustee of the estate of Computrex, Inc..

C.   "Trustee" refers to James D. Lyon, as Chapter 7 Trustee of the estate of Computrex, Inc.

D.   "Debtor" refers to Computrex, Inc.

E.   "Document" means all writings of any nature whatsoever within the possession, custody or control of the Trustee, or any agent, employee, representative (including, without limitation, attorneys, investment advisors, investment bankers and accountants), the Trustee, or any other person, assign or purporting to act for or on behalf of the Trustee or in concert with him, including, but not limited to, contracts, agreements, communications, correspondence, telegrams, memoranda, records, reports, books, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, forecasts, statistical statements, work papers, drafts,

copies, graphs, charts, accounts, analytical records, minutes or records of meetings or conferences, consultant's reports, appraisals records, reports or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, drafts, notes, marginal notations, bills, invoices, checks, photographs, brochures, lists, journals, diaries, advertising, computer tapes, discs, and all other writings, electronic, computer generated, printed, recorded or photographic matter or sound reproduction, however produced or reproduced.

   F. "Identify" when used in reference to a natural person, means to state the persons full name and present the last-known residence and employment address, his present or last-known title or position and business affiliation, his duties and responsibilities in that position, his immediate supervisor, his title or position at the time or times relevant to the requests, as well as his duties and responsibilities and immediate supervisor during the relevant time period.

   1. "Identify" when used in reference to a person other than a natural person or corporation, means to state its proper name or designation and the address of its principal office.

   2. "Identify" when used in reference to a document, means to state whether that document currently is in existence; the date of the document or, if undated, the date it was written; the name and address of each person who authored or participated in the writing of it, the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; the name and address of each person who received a copy of the document; a description of the type of document; a detailed summary of the contents of the document; its present location or the custodian

of each copy, or if unknown, its last known location or custodian; and if the document is no longer in existence or no longer is in your possession, custody or control, the disposition made of it, the reason or reasons for such disposition and the date thereof.

   3. "Identify" when used in reference to a communication means to state the method of communication (personal conversation, telephone conversation, letter, telefax, cable or otherwise), its date and time, the identify of the person(s) making and the person(s) receiving the communication, the identity of any documents relating to, referring to or embodying in any way the communication, and if the communication is not embodied in its entirety in a document, a detailed summary of the communication.

  G. "State the basis" means that the responding party shall:

   a. identify each and every document (and, where pertinent, the section, article, or subparagraph thereof) which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred by the interrogatory;

   b. identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   c. state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to the interrogatory; and

   d. state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions in the interrogatory.

    H.    "Estate" shall refer to the estate of Computrex, Inc.

    I.    "Related Entity" shall mean Computrex International, CX-IT, Inc., and Computrex International Services.

    J.    "Complaint" shall mean that complaint filed by the Trustee in this adversary proceeding.

    K.    The fact an investigation is continuing or that discovery is not complete shall not excuse failure to answer each interrogatory as fully as possible. The omission of any name, fact or other item of information from a response shall be deemed a representation that such name, fact or other item is not known to the Trustee, his counsel or his representatives at the time of filing and service of the responses.

## **DOCUMENTS REQUESTED**

REQUEST TO PRODUCE NO. 1

All transcripts of any 2004 examinations or depositions taken by the Trustee, excepting only the transcripts of the examination of Melinda Brown and Treffle LaFleche.

REQUEST TO PRODUCE NO. 2

All transcripts or notes of any interviews conducted by the Trustee of any party or non-party.

REQUEST TO PRODUCE NO. 3

Any documents obtained by the Trustee from third parties either voluntarily or by subpoena.

REQUEST TO PRODUCE NO. 4

Any settlement agreements reached by the Trustee with any officer, director or employee of the Debtor or any Related Entity.

B0351951v1    5

REQUEST TO PRODUCE NO. 5

Any affidavits or statements obtained by the Trustee from any third party, including but not limited to former offices, directors or employees.

REQUEST TO PRODUCE NO. 6

Any pleadings associated with any depositions, examinations or third party documents requests initiated by the Trustee.

REQUEST TO PRODUCE NO. 7

Any and all documents relating to the Debtor or Related Entities, including but not limited to any corporate records.

REQUEST TO PRODUCE NO. 8

Any and all documents upon which you relied in preparing the Complaint.

Dated:  March 9, 2004

/s/ James W. Gardner
James W. Gardner
HENRY WATZ GARDNER SELLARS &
GARDNER, PLLC
401 West Main Street, Suite 314
Lexington, KY 40507
(859) 253-1320

AND

Daniel J. Kelly
Charles A. Dale, III
GADSBY HANNAH LLP
225 Franklin Street
Boston, MA  02110
(617) 345-7000
ATTORNEYS FOR MELINDA BROWN
AND TREFFLE LA FLECH

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing has been served this 9th day of March, 2004, in the method established under the CM/ECF Administrative Procedures Manual. Pursuant to Local Rule 9022-1, undersigned counsel hereby certifies that a true and accurate copy of the foregoing was served by first class mail, postage prepaid, upon the following on this 9th day of March, 2004:

Richard L. Brittain, Esq.
BIRD & LOECHL, LLC
1150 Monarch Plaza
3414 Peachtree Road, Northeast
Atlanta, GA 30326

Kevin C. Watters, Esq.
BIRD & LOECHL, LLC
1150 Monarch Plaza
3414 Peachtree Road, Northeast
Atlanta, GA 30326

/s/ James W. Gardner
James W. Gardner

F:\JWG\COMPUTREX CASES\LaFleche\Pleadings\First Set of Request to Produce