UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO: 04 10685 WGY

| | |
|---|---|
| MELINDA BROWN and<br>TREFFLE LAFLECHE,<br><br>    Plaintiffs<br><br>VS.<br><br>AMERICAN INTERNATIONAL GROUP,<br>INC. and NATIONAL UNION FIRE<br>INSURANCE COMPANY OF<br>PITTSBURGH, PENNSYLVANIA,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The Defendants, American International Group, Inc. ("AIG") and National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") hereby oppose the Plaintiffs' Motion For Summary Judgment (the "Plaintiffs' Motion") on the following grounds:

1. By separate Motion pursuant to Rule 56 (f), Fed. R. Civ. P., (the "Rule 56 (f) Motion") these Defendants have sought to extend the time for Opposition to the Plaintiffs' Motion in order to conduct limited discovery as set forth in the Rule 56 (f) Motion but Plaintiffs', through their attorneys, have refused to consent to such a continuance;

2. Plaintiffs have also failed to produce any material specified by Rule 26 (a) (1), leaving the Defendants in the position of having only the underlying adversary Complaint in the related matter in U. S. Bankruptcy Court ("the D&O Action") and the Affidavits

1

filed by Plaintiffs as material to use in Opposition, all as set out in Defendants' Rule 56 (f) Motion;

      3. While National Union believes it should have the opportunity for the limited discovery requested in its Rule 56 (f) Motion, the allegations of the Complaint in the D&O Action themselves are adequate to demonstrate that no reading of that Complaint can support the Plaintiffs' assertions, upon which all else depends, that these Plaintiffs are being sued only for acts which occurred during the Policy Period of January 1, 2001 to January 1, 2002 that are not "Related Wrongful Acts" to acts in which they participated from at least December, 1999 onward. They are being sued because their actions from the time each began to serve as an officer and director led to serious insolvency of Computrex, Inc. (the "Debtor") and were the direct causes of the Debtor being put into Chapter 7 by creditors;

      4. Plaintiffs' Motion and its supporting material also misquotes essential provisions of the D&O Policy and its Run-Off Endorsement relating to the "Named Entity's" (i.e. Computrex, Inc.) rights as opposed to rights granted to individual officers and directors such as the Plaintiffs here; and

      5. Proper presentation of facts, after limited discovery, is expected to demonstrate that in addition to the above, Plaintiffs' Complaint should be dismissed for their failure to name the other officers and directors being sued and is also likely to support a Cross-Motion For Summary Judgment by Defendants.

WHEREFORE, each Defendant hereby opposes the Plaintiffs' Motion For Summary Judgment and requests that the Court deny said Motion or, in the alternative, allow the Defendants' Rule 56 (f) Motion with proper orders as to timing of the requested discovery and preparation of proper revised Oppositions, Motions and Memoranda.

By their attorneys,

FINNEGAN, UNDERWOOD,
RYAN & TIERNEY

s/ John G. Ryan
_____

John G. Ryan
22 Batterymarch St., 4th Floor
Boston, MA 02109
617-348-9200
BBO #435560

May 25, 2004.