UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO: 04 10685 WGY

| | |
|---|---|
| MELINDA BROWN and TREFFLE LAFLECHE, | ) ) |
| Plaintiffs | ) ) |
| VS. | ) ) |
| AMERICAN INTERNATIONAL GROUP, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, | ) ) ) ) ) |
| Defendants | ) |

**DEFENDANTS' CONCISE STATEMENT OF MATERIAL FACTS PRESENTING GENUINE ISSUES FOR TRIAL**

Pursuant to Local Rule 56.1, the Defendants state that the following facts set out in Plaintiffs Statement of Material Facts are contested and create issues for trial:

1. Plaintiffs are direct beneficiaries of the Officers and Directors Liability Insurance Policy at issue in these proceedings – see D&O Policy attached to Complaint and Motion;

2. The Policy identifies the Defendant American International Group, Inc. (AIG) as an insurer- see D&O Policy attached to Complaint and Motion;

3. Only a portion of the allegations and causes of action in the D&O Action are specifically directed at the Plaintiffs – see the 63 page adversary complaint filed by the Bankruptcy Trustee attached to the Complaint and Motion;

1

4. All of the allegations specified in Paragraphs 7 and 8 of the Statement of Material Facts implicate conduct of the named Plaintiffs - see the 63 page adversary complaint filed by the Bankruptcy Trustee attached to the Complaint and Motion;

5. Computrex, Inc. (the Named Entity) did not give notice as required under the Run-Off Endorsement as alleged – there is no evidence supporting that contention in any material supplied by Plaintiffs;

6. The allegations of Paragraph 13 of the Statement of Material Facts are not correct or complete – see D&O Policy Run-Off Endorsement;

7. The D&O Policy does not obligate the Defendants to undertake a defense if the claim is tendered by the insureds rather than the Named Entity on behalf of *all* insureds  - see D&O Policy;

8. The right to tender defense of an action expired 30 days after the claim was first made against any insured – see D&O Policy;

9. The Insurer is not obligated to advance defense costs prior to final disposition of a claim where the Loss is not covered by the D&O Policy – see D&O Policy;

10. The insureds did not tender defense of the claim within the time and manner prescribed in the D&O Policy see 2/6/04 letter from Daniel J. Kelly;

11. The Defendants have responded to Plaintiffs' request for a detailed explanation of their reasons for denying coverage by their letter of April 5, 2004 and subsequent activity in the way of the Amended Answer and their Opposition to Plaintiffs' Motion For Summary Judgment. These are not improper responses as suggested.

  Further responding, Defendants state the following additional factual matters are undetermined because of the failure of Plaintiffs to provide supporting information:

12. The contents of all of Exhibits to the Complaint in the D&O Action which were not attached to the Complaint served upon these Defendants;

13. A statement clarifying the dates which these Plaintiffs served as officers and directors to clarify confusion created by the allegations of Paragraphs 9, 13 and 34 of the Complaint in the D&O Action;

14. Facts supporting the failure of the Plaintiffs to join the other officers and directors to their action in this Court.

              By their attorneys,

              FINNEGAN, UNDERWOOD,
              RYAN & TIERNEY

              s/ John G. Ryan
              _____
              John G. Ryan
              22 Batterymarch St., 4th Floor
              Boston, MA 02109
              617-348-9200
              BBO #435560

May 25, 2004.