```
                                                                    1186XQ
Print Request:   Current Document: 10

Time of Request: June 17, 2004   03:22 PM EDT

Number of Lines: 58
Job Number:   1861:712951

Client ID/Project Name: 10762-jgr

Research Information:

 Insurance,  Federal and State Insurance Cases
Enzweiler w/10 Fidelity
```

```
Send to:  RYAN, JOHN
          FINNEGAN UNDERWOOD RYAN & TIERNEY
          22 BATTERYMARCH ST
          BOSTON, MASSACHUSETTS 02109-4812
```

10 of 10 DOCUMENTS

**Ervin M. Enzweiler, Plaintiff v. Fidelity & Deposit Company of Maryland, Defendant**

**Civil Action No. 85-99**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY**

*1986 U.S. Dist. LEXIS 25555*

**May 13, 1986, Decided and Filed**

**OPINIONBY:** [*1]

BERTELSMAN

**OPINION:**

OPINION AND ORDER

WILLIAM O. BERTELSMAN, Judge

This matter is before the court on motion of plaintiff for summary judgment, stating that there is no material issue of fact and that he is entitled to judgment as a matter of law.

Defendant Fidelity and Deposit Company of Maryland issued a policy of insurance covering officers and directors of Northern Kentucky Bank & Trust. Plaintiff has become involved in a number of suits arising out of his conduct as president of Northern Kentucky Bank & Trust. Plaintiff seeks a declaratory judgment from this court declaring that Fidelity & Deposit Company of Maryland is obligated under the officers' liability policy to provide a defense and pay any judgment arising out of the various civil actions.

The issue in this matter is whether Fidelity & Deposit is required to provide a defense for the plaintiff under the contract of insurance and make payments in satisfaction thereof at this time.

Plaintiff argues that he is entitled to have defendant provide him with a defense in the various lawsuits pending against him pursuant to the policy issued by the defendant. Plaintiff points out that the term "loss" is defined in the policy [*2] as:

"(d) The term "Loss" shall mean any amount which the Directors and Officers are legally obligated to pay or as to which the Bank shall be required or permitted by law to indemnify the Directors and Officers, for a claim or claims made against the Directors and Officers for Wrongful Act(s) and shall include damages, judgments, settlements and costs, charges and expenses (excluding salaries of Officers or Employees of the Bank) incurred in the defense of legal actions, suits or proceedings and appeals therefrom, and cost of attachment or similar bonds; provided however, such Loss shall not include fines or penalties imposed by law, or matters which may be deemed uninsurable under the law pursuant to which this policy shall be construed."

While the exclusions section does limit liability in cases of dishonesty of the officer, plaintiff argues that Par. 3(a)(4) makes it clear that the officer is entitled to protection until a final judgment adverse to the officer has been made and no such judgment has been made against plaintiff. The general rule in these type cases is that the insurer has a duty to defend the insured where the complaint alleges facts potentially within the coverage [*3] of the policy. Insurance policies are construed against the preparer.

Defendant argues that this policy is one to indemnify and there is no coverage obligation until there is a final disposition of the underlying lawsuit. Defendant suggests that an insurance policy is a contract which imposes obligations only when they are enumerated in the policy and this policy is devoid of any duty to defend. On the contrary, the policy specifically provides at paragraph 5(c):

"(c) The Company may at its option and upon request, advance on behalf of the Directors and Officers, or any of them, expenses which they have incurred in connection with claims made against them, prior to disposition of such claims, provided always that in the event it is finally established the Company has no liability hereunder, such Directors and Officers agree to repay to the Company, upon demand, all monies advanced by virtue of this provision."

It is clear to the court upon a careful reading of the policy that the insurance company may elect, as it has chosen to do here, to wait the outcome of the underlying litigation against an insured before advancing any payments. The reason for this is also clear in that [*4] the judgment in the underlying actions may be such that there is no coverage.

Therefore, the court being advised,

IT IS ORDERED as follows:

1. That the motion of plaintiff for summary judgment be, and it is, hereby DENIED; and

2. That the parties shall render herein a joint status report, in the form of a pleading, on or before NOVEMBER 12, 1986.

1186XQ

********** Print Completed **********

Time of Request: June 17, 2004   03:22 PM EDT

Print Number:   1861:712951
Number of Lines: 58
Number of Pages: 2

Send To:  RYAN, JOHN
          FINNEGAN UNDERWOOD RYAN & TIERNEY
          22 BATTERYMARCH ST
          BOSTON, MASSACHUSETTS 02109-4812