UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO:   04 10685 WGY

| | |
|---|---|
| MELINDA BROWN AND TREFFLE LAFLECHE, | ) ) ) |
| PLAINTIFFS | ) ) |
| VS. | ) ) |
| AMERICAN INTERNATIONAL GROUP, INC. AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, | ) ) ) ) ) |
| DEFENDANTS | ) |

**DEFENDANTS' SUR-REPLY BRIEF TO PLAINTIFFS' REPLY BRIEF TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The defendants, American International Group, Inc. (AIG) and National Union Fire Insurance Company of Pittsburgh, Pa. (National Union), reply to certain contentions of the plaintiffs in their Reply Brief as follows:

1. The Policy Does Not Contain a Duty To Defend on the Request of Individual Directors .

Plaintiffs' attempt to apply cases relative to liability policies containing a "duty to defend" cannot overcome either the clear language of the policy, the rationale for the policy language or case law precedent.

The policy specifically provides:

1

> The Insurer does not assume any duty to defend. The Insureds shall defend and contest any claim made against them.

It goes on to provide:

> Notwithstanding the foregoing, the Insureds shall have the right to tender the defense of the Claim to the Insurer, which right shall be exercised in writing by the Named Entity on behalf of all Insureds to the Insurer . . . This right shall terminate if not exercised within 30 days of the date the Claim is first made against an Insured . . .(Pol. Cl. 8)

It is settled law that there is no common law duty to defend . It is instead, a contractual duty which may or may not be included in a particular policy. B& D Appraisals v. Gaudette Machinery Movers, Inc., 752 F. Supp. 554, 556 (D.R.I., 1990). See also City of Burlington v. Arthur J. Gallagher & Co., 944 F. Supp. 333, 335 – 336 (D. Vt., 1996) (if there is no contract to defend, there is no duty to defend).

If, as is the case, an insurer is free to issue a policy which disclaims a "duty to defend," it clearly can set out conditions as to when it will accept a tender of defense from an insured as the defendant, National Union, has in its policy. Pertinently, because the limits of liability of the policy include defense costs, the policy provides that it is the Named Entity which must request such a defense on behalf of all insureds. Otherwise

2

individual directors and officers or other employees, who may or may not be entitled to a defense from the Named Entity they serve, would be in a position to obtain a defense exhausting all or a portion of the available coverage at the expense of other similarly situated persons. Here, apparently all officers and directors for a period from 1999 at least onward have been sued. It is up to the Named Entity [1] to request a defense for them, not up to these two individuals.

The provision as to a Named Entity request was admittedly not complied with in this case. So far as is shown, no such request was ever made and accordingly no duty to defend any of the officers or directors, including these plaintiffs, exists. To characterize the provisions as "procedural and hyper-technical" is to mis-read the policy provision.

2. <u>Advancing Defense Costs Is Not Required Where, As Here, There Is No Coverage.</u>

The advancement of defense costs requires not only written request of Insureds, and written approval of the Insurer but may be denied by the Insurer when, as here, it takes the position there is no coverage for the alleged

---

[1] If, as plaintiffs state, the claims at issue were brought by Computrex's "successor in interest" (Reply Br. P. 6), coverage may be excluded by Exclusion (i) which excludes claims made against an Insured which is brought by any Insured or by the Company. (Pol. Pg. 7).

Wrongful Acts. This right is given in very definitive terms – i. e. "provided further that in all events the Insurer may withhold consent to any . . . Defense Costs, or any portion thereof, to the extent such Loss is not covered under the terms of this policy." (Pol. P. 12).

While an insurer with a duty to defend under the usual form of a liability policy may have obligations to have coverage determined before denying that duty, no such rationale should be applied in a case involving the advancement of defense costs where the policy allows the insurer "in all events" to withhold consent to any Defense Costs the insurer considered not covered. Defense Costs are a part of the potential "Loss" under the policy (Pol. P. 4, par. (k)). If the insurer is of the view that there is no coverage, the insured should have the duty to establish coverage in fact before the insurer must advance a part of the potentially covered Loss.

This is the reasoning applied in the unpublished decision of the U. S. District Court for Eastern Kentucky in Enzweiler v. Fidelity & Deposit co. of Maryland (copy attached). The policy there gave the insurer an "option" to advance defense costs subject to the insured's obligation to repay in the event of a lack of coverage. The decision approved of the insurer's election to await determination

4

of the underlying case before it was obligated to pay defense costs because the case might show no coverage. The provision in this policy which gives the insurer the right to withhold consent to such a payment should be interpreted as Enzweiler has been leaving the payment of defense costs for these plaintiffs and other insureds to a determination of coverage.

The Defendants also repeat the arguments made in their Opposition to plaintiffs' Motion For Summary Judgment.

WHEREFORE, the defendants and each of them request that the Court deny plaintiff's Motion For Summary Judgment and grant defendants' Motion For Continuance and discovery orders.

> By their attorneys,
>
> FINNEGAN, UNDERWOOD,
> RYAN & TIERNEY
>
> s/ John G. Ryan
> _____
>
> John G. Ryan, BBO #435560
> 22 Batterymarch St., 4th Floor
> Boston, MA 02109
> 617-348-9200

Originally Filed: June 17, 2004.

Re-filed per Court request: June 23, 2004