UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO:  04 10685 WGY

| | |
|---|---|
| MELINDA BROWN AND ) | |
| TREFFLE LAFLECHE, ) | |
| ) | |
| PLAINTIFFS ) | |
| ) | |
| VS. ) | |
| ) | |
| AMERICAN INTERNATIONAL GROUP, ) | |
| INC. AND NATIONAL UNION FIRE ) | **LR 5.1 (c) – Request For Special** |
| INSURANCE COMPANY OF ) | **Action** - Determination Prior to |
| PITTSBURGH, PENNSYLVANIA, ) | Trial Now Scheduled for 6/30/04 |
| ) | |
| DEFENDANTS ) | |

## DEFENDANTS' MEMO IN SUPPORT OF THEIR MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENAE

The defendants, American International Group, Inc. and National Union Fire Insurance Company of Pittsburgh Pennsylvania, pursuant to Federal Rules of Civil Procedure 45(c)(3)(A)(iv) and Federal Rules of Civil Procedure 45(c)(3)(b)(ii), have moved that this court to quash the Plaintiffs' Trial Subpoenae.

In support for this Motion, the defendants state that in its Reply Brief to Defendants' Opposition to Plaintiffs' Motion For Summary Judgment (Docket No. 16), the Plaintiffs stated to the Court in reference to Defendants' request for a continuance for discovery that:

> The Court should not permit additional discovery
> because, as noted, the language of the D & O Complaint,
> when read in conjunction with the terms and provisions
> of the Policy, controls whether or not the Defendants
> have a duty to defend.

The Court held its hearing on the Motion For Summary Judgment on Monday, June 21, 2004. At that time, in response to a suggestion by the Court that the matter be tried jury-waived in September, Plaintiffs announced through their attorneys that they were prepared to try the case "tomorrow" – i. e. June 22nd and stated no discovery was needed by Defendants.  The Court thereupon set the matter down for a jury-waived trial to commence on June 30, 2004.  Plaintiffs served the subpoenae on the afternoon of June 23rd (Courtesy Copy Filed by hand with the Clerk—NOT FILED ELECTRONICALLY).

By a faxed letter on June 25th, (Courtesy Copy Filed by hand with the Clerk—NOT FILED ELECTRONICALLY), the Defendants offered to accommodate the Plaintiffs by producing material responsive to Requests Nos. 1 and 2 but not in response to the Requests Nos. 3 through 6.  This offer was repeated in a phone conversation between Attorney Kelly for Plaintiffs and John Ryan on behalf of Defendants on Monday, June 28th.  Plaintiffs rejected the accommodation offered.

This matter is a declaratory judgment action in which the Plaintiffs responded to the filing of Defendants' answer by a Motion For Summary Judgment limited to a determination as to whether or not in the circumstances the Plaintiffs are entitled to be defended under the policy or to have defense costs advanced.  No discovery was undertaken by Plaintiffs and they have opposed Defendants' efforts to have discovery for the broader purpose of presenting a cross-motion and addressing other issues.

The requests 3 through 6 are also clearly over-broad and immaterial so as to possibly be objectionable under a Rule 34 request even if otherwise proper. Neither Defendant has determined what if any documents it may have as to Requests 3 through 6 but certainly cannot be reasonably expected to search for them in short time provided.

Finally, plaintiffs are seeking to do discovery through a trial subpoena to a party which is generally not allowed. <u>Hasbro, Inc. v. George Serafino et al</u>, 168 F.R.D. 99 (D. Mass., 1996).

          By their attorneys,

          FINNEGAN, UNDERWOOD,
          RYAN & TIERNEY

          s/ John G. Ryan
          _____
          John G. Ryan
          22 Batterymarch St., 4th Floor
          Boston, MA 02109
          617-348-9200
          BBO #435560

June 28, 2004.