UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MELINDA BROWN and TREFFLE LAFLECHE, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | C. A. No. 04-10685 WGY |
| AMERICAN INTERNATIONAL GROUP, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
EMERGENCY MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA**

Plaintiffs Melinda Brown and Treffle LaFleche (collectively referred to as "Plaintiffs" or "Insureds"), respectfully request that this Court deny Defendant American International Group, Inc. and National Union Fire Insurance Company of Pittsburgh, Pennsylvania (collectively referred to as "Defendants" or "Insurers") Emergency Motion to Quash Trial Subpoena. The Court should deny Defendants' Motion because the Plaintiffs' request for trial production seeks evidence containing information relevant to the instant dispute, necessary to Plaintiffs' claims, and unprotected by any confidentiality or privilege doctrine.

**Background**

1.  On April 2, 2004, Plaintiffs filed the Complaint in the instant proceedings seeking 1) a declaratory judgment that the "Prior Acts" exclusion endorsement contained in Computrex, Inc.'s ("Computrex") Officers and Directors Liability Insurance Policy (the "D&O Policy" or "Policy") does not bar coverage of the claims brought against them by Computrex's Chapter 7

Trustee; and 2) the entry of an order that the Defendants must undertake the defense of and/or make available to the Plaintiffs the proceeds of the D&O Policy to pay for losses (including defense costs) incurred by them in the action against them by the Chapter 7 Trustee.

2. On May 10, 2004, the Defendants answered the Plaintiffs' Complaint. The Plaintiffs filed a Motion for Summary Judgment the next day.

3. On May 25, 2004, Defendants filed a Motion to Order a Continuance of Plaintiffs' Motion for Summary Judgment, pursuant to FED. R. CIV. P. 56(f), simultaneously with a Motion in Opposition to Plaintiffs' Motion for Summary Judgment.

4. This Court (Young, C.J.) denied Defendants' Motion to Continue by Order entered on June 2, 2004.

5. Plaintiffs filed a Reply Brief to Defendants' Opposition to Plaintiffs' Motion for Summary Judgment on June 4, 2004. Thereafter, on June 23, 2004, the Defendants filed a Sur-Reply Brief.

6. A hearing on the Plaintiffs' Motion for Summary Judgment was held on June 21, 2004. The Court denied the Plaintiffs' Motion and scheduled a trial for June 30 and July 1, 2004.

7. Plaintiffs served Defendants with the Trial Subpoena that serves as the basis for the Defendants' present Emergency Motion on June 23, 2004. The Defendants filed the instant Emergency Motion on June 28, 2004.

8. The Plaintiffs seek, <u>inter alia</u>, documents, communications, and materials related to or concerning the Defendants' drafting and construction of the Policy at issue, in addition to materials that might provide guidance on the manner by which the Defendants have refused coverage of the Plaintiffs' claims.

B0371004v1

**Argument**

Federal Rule of Evidence 401 provides the definition of "Relevant Evidence." The Rule provides:

> "Relevant evidence" means evidence having *any tendency* to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

See FED. R. EVID. 401 (emphasis added).

This Court should deny Defendants' Motion because the Plaintiffs' request seeks documents containing information "relevant" to the instant dispute, necessary to Plaintiffs' claims, and unprotected by any confidentiality or privilege doctrine. As justification for denying coverage and/or advancing defense costs to the Plaintiffs, the Defendants have argued that the claims asserted against the Plaintiffs in the D&O Action fall within the "Prior Acts" exclusion. The central issue to be tried before this Court, therefore, involves the interpretation of certain provisions contained within the Policy.

The Plaintiffs have properly issued a Trial Subpoena requesting that the Defendants produce documents relevant to this determination. The Plaintiffs, for example, have requested, inter alia, documents, communications, and/or information pertaining to 1) the drafting and construction of the policy, including the Defendants' determination to include or exclude certain provisions, definitions, and exclusions; 2) internal memoranda concerning the Defendants' determination to refuse coverage; and 3) lawsuits involving the Defendants in which the Defendants' use of the "Prior Acts" exclusion forms the basis of one or more of the claims. See Subpoena in a Civil Case ("Trial Subpoena") and attached Schedule A. A true and accurate copy is attached herewith as Exh. 1. These documents are relevant because they will assist the Court interpret the Policy, particularly if the Court finds the Policy to be ambiguous. See, e.g., Am.

3

B0371004v1

Home Assurance Co. v. Fore River Dock & Dredge, Inc., 2004 WL 1304026, *6 (D. Mass. 2004) ("Extrinsic evidence bearing upon the background and purpose of the parties, as well as their understanding of the meaning of particular language used in the contract, may be considered both in the construction of ambiguous contract language and in resolving uncertainties in applying the terms of the written contract to the subject matter.").

The Defendants suggest that this Court should quash the Plaintiffs' Trial Subpoena because the Plaintiffs represented that discovery was unnecessary during the hearing on their Motion for Summary Judgment. Any such representation, however, was not made in connection with, nor does it affect, Plaintiffs' independent right to request that the Defendants produce relevant information pursuant to a trial subpoena. Perhaps equally as important, this Court scheduled a trial without placing any limitations on either party's right to seek information relevant to an efficient resolution of the matters to be tried.

In closing, it should be noted that following the hearing Plaintiffs produced the documents, requested by the Defendants in their Rule 56(f) Motion, which the Plaintiffs had in their possession. See 6/22/04 Letter from B. Michael Ortwein, Esq. to John G. Ryan, Esq. A true and accurate copy is attached herewith as Exh. 2. Thereafter, the Plaintiffs, via letter dated June 25, 2004, provided the Defendants with a list of the exhibits and witnesses that they anticipate offering at trial. See 6/25/04 Letter from B. Michael Ortwein, Esq. to Michael Keohane, Esq. A true and accurate copy is attached herewith as Exh. 3. The letter also requested that the Defendants provide the Plaintiffs with a list of their anticipated exhibits and witnesses. See id. To date, however, the Defendants have not disclosed this information, and the trial is scheduled to commence tomorrow morning. The Defendants' delay has hindered the Plaintiffs' ability to fully prepare for the trial. Part of the justification and need underlying the

4

Plaintiffs' request for evidence from the Defendants through the use of the Trial Subpoena is to prevent them from selecting and offering at trial only the documents they believe to be most advantageous to their interpretation of the Policy.

## Conclusion

This Court should deny the Defendants' Motion to Quash given that the Plaintiffs seek documents containing information relevant to the instant dispute, necessary to the Plaintiffs' claims, and unprotected by any confidentiality or privilege doctrine.

WHEREFORE, Plaintiffs respectfully request that this Court deny Defendants' Emergency Motion to Quash Plaintiffs' Trial Subpoena and provide Plaintiffs such other and further relief as this Court deems proper.

Respectfully submitted,
MELINDA BROWN AND TREFFLE LAFLECHE
By their attorneys,

/s/ Daniel J. Kelly
Daniel J. Kelly, BBO # 553926
dkelly@ghlaw.com
B. Michael Ortwein, III BBO# 654836
bortwein@ghlaw.com
Gadsby Hannah LLP
225 Franklin Street
Boston, MA  02110

Dated:  June 29, 2004                (617) 345-7000

B0371004v1