UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MELINDA BROWN and TREFFLE LAFLECHE,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,<br><br>Defendants. | C. A. No. 04-10685 WGY |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA**

**EXHIBIT 1**

\AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

Melinda Brown and Treffle LaFleche, Plaintiffs,

V.

American International Group, Inc. and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Defendants

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: **04-CV-10685 WGY**

TO: American International Group, Inc. and National Union Fire Insurance Company of Pittsburgh, PA
Keeper of the Records
c/o Corporation Service Company
84 State Street
Boston, MA 02109

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| United States District Court, District of Massachusetts<br>1 Courthouse Way<br>Boston, MA 02210 | 5th Floor, Room 18 |
| | DATE AND TIME<br>Wednesday, June 30, 2004, 9:00 a.m., and Thursday, July 1, 2004, 9:00 a.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce, permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED "SCHEDULE A" FOR DOCUMENTS TO BE BROUGHT TO TRIAL.**

| PLACE | DATE AND TIME |
| --- | --- |
| United States District Court, District of Massachusetts<br>1 Courthouse Way<br>Boston, MA 02210 | Wednesday, June 30, 2004, 9:00 a.m., and Thursday, July 1, 2004, 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Daniel Kelly, Esq., Gadsby Hannah LLP, 225 Franklin Street, Boston, MA 02110 (attorney for Plaintiffs Melinda Brown and Treffle LaFleche) | DATE<br>June 23, 2004 |
| --- | --- |

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that he person to (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any part, or whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

B0370156v1

## SCHEDULE A

**(Trial Subpoena—American International Group, Inc. and National Union Fire Insurance Co. of Pittsburgh, PA)**

### DEFINITIONS

The definitions contained herein shall not be taken to amend or modify the Federal Rules of Civil Procedure, but are instead intended to be incorporated into each of the requests to which they relate as if the language herein was stated in those requests. For the purposes of this subpoena, the following definitions shall apply:

1. The term "document" shall include, but not be limited to: (1) written, printed, or graphic material of any kind; (2) electronically, magnetically, or mechanically recorded material of every type and description, however produced or reproduced, including e-mail; and (3) every non-identical copy of the foregoing.

2. The term "communication" means any written, oral, or electronic transmission of fact, information, intention, or opinion, including utterance, notation, or statement of any nature whatsoever, and including but not limited to documents and correspondence.

3. The term "concerning" or "relating" means referring to, describing, evidencing, or constituting.

4. The term "correspondence" includes, but is not limited to, letters, telegrams, inter or intra-office memoranda, work communications, e-mails, notes and memoranda of meetings or oral communications and sound recordings and transcripts thereof, and all other written or electronic communications of whatever form.

5. The term "D&O Action" means the adversary proceeding commenced in the United States Bankruptcy Court, Eastern District of Kentucky, Lexington Division, Case No. 01-53755.

B0369969v1

6. The term "person" shall include any natural person, corporation, partnership, unincorporated association, government, government agency, or any other such entity.

7. The term "any" shall be deemed to include and encompass the words "each" and "all."

8. The term "policy" means the Directors and Officers Corporate Liability Policy, No. 872-35-08 and Run-Off Endorsement, issued by the Defendants to Computrex, Inc.

9. The term "Plaintiffs" means Melinda Brown and Treffle LaFleche.

10. The term "Defendants" means American International Group, Inc. and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, and their employees, shareholders, officers, directors, affiliates, agents, attorneys, trustees, principals, insurers, heirs, executors, administrators, predecessors, successors, assigns and privies.

## DOCUMENTS TO BE BROUGHT TO TRIAL

You are required to bring with you:

1. Any and all communications between the Defendants and any third party, including, but not limited to, other parties to the D&O Action, with regard to the policy, the D&O Action, and Computrex, Inc.

2. Any and all documents concerning the issuance of the policy, including, but not limited to, communications with the insurance broker and Computrex, Inc.

3. Any and all documents concerning Defendants' drafting and construction of the policy including, but not limited to, documents concerning the Defendants' determination to include or exclude certain provisions, definitions, and exclusions, both as a general matter and concerning the policy that is the subject matter of the instant lawsuit.

4. Any and all documents concerning Defendants' determination to refuse coverage, including, but not limited to, internal memoranda, correspondence, and notes.

B0369969v1

5.  Any and all documents concerning or constituting internal guidelines, manuals, memoranda, and instructions, which provide guidance on the manner by which Defendants refused coverage on the basis of the prior acts exclusion contained in the policy.

6.  Any and all documents concerning lawsuits against the Defendants in which Defendants' use of prior acts exclusion forms the basis of one or more of the claims.

B0369969v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MELINDA BROWN and TREFFLE LAFLECHE, ) ) ) ) Plaintiffs, ) ) v. ) ) AMERICAN INTERNATIONAL GROUP, ) INC. and NATIONAL UNION FIRE ) INSURANCE COMPANY OF ) PITTSBURGH, PENNSYLVANIA, ) ) Defendants. ) ) ) | C. A. No. 04-10685 WGY |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA**

**EXHIBIT 2**



B. Michael Ortwein, Esq.
bortwein@ghlaw.com

Tel: 617 345 7072
Fax: 617 204 8072

June 22, 2004

**VIA FIRST CLASS MAIL**

John G. Ryan, Esq.
Finnegan, Underwood, Ryan & Tierney
22 Batterymarch St., 4th Floor
Boston, MA 02109

    Re:    Brown, et al. v. American International Group, Inc., et al., C.A. No.
            04-10685 WGY (Document Production)

225 Franklin Street
Boston MA 02110

Tel  617 345 7000
Fax  617 345 7050

www.ghlaw.com

Dear Mr. Ryan:

    You requested certain discovery materials in Defendants' Motion to Order A Continuance of Plaintiffs' Motion for Summary Judgment. Enclosed please find the following information and documents responsive to said request:

    1.    The documents produced in response to the First Set of Requests for Production of Documents by Melinda Brown and Treffle LaFleche in the adversary proceeding (Bates range BRO00001 - BRO00004);

    2.    A statement of the dates that Plaintiffs served as Directors of Computrex, Inc.;

    3.    Transcripts of examinations of Plaintiffs in the D&O Action (Bates range BRO000045 – BRO000878); and

    4.    Answers filed on behalf of the Plaintiffs in the adversary proceeding (Bates range BRO000879 – BRO000932).

    Please contact me with any questions.

Sincerely,

B. Michael Ortwein, Esq.

Enclosures
cc:    Daniel Kelly, Esq.

B0369657v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MELINDA BROWN and TREFFLE LAFLECHE,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN INTERNATIONAL GROUP, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,<br><br>Defendants. | C. A. No. 04-10685 WGY |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO QUASH PLAINTIFFS' TRIAL SUBPOENA**

**EXHIBIT 3**



B. Michael Ortwein, Esq.
bortwein@ghlaw.com

Tel: 617 345 7072
Fax: 617 204 8072

June 25, 2004

**VIA FACSIMILE AND US MAIL**

Michael Keohane, Esq.
Finnegan, Underwood, Ryan & Tierney
22 Batterymarch Street
Boston, MA 02109

  Re: Brown, et al. v. American International Group, Inc., et al., C.A. No. 0410685 WGY

225 Franklin Street
Boston MA 02110

Tel  617 345 7000
Fax 617 345 7050

www.ghlaw.com

Dear Michael:

  I write this letter to discuss some pre-trial matters that we must resolve as soon as possible since trial is scheduled to begin next Wednesday, June 30, 2004.

  One of my assistants spoke with Chief Judge Young's courtroom clerk yesterday. The clerk advised us that the judge requires, or at least strongly prefers, that parties adhere to certain pre-trial measures.

  Per Judge Young's request, the parties should provide the judge with a list of witnesses and exhibits before opening arguments. Before we submit our respective lists, however, both sides must determine which exhibits that we agree upon, and those exhibits, if any, to which an objection may be made. Ultimately, trial exhibits must be labeled in accordance with the following scheme:

- Exhibits agreed upon by both parties should be numbered sequentially from 1 to infinity; and

- Contested exhibits should be numbered A-Z, then AA-AZ, then BA-BZ, then CA-CZ, etc.

  In this regard, please be advised that we may call Plaintiffs Melinda Brown and Treffle LaFleche and one or more of the Defendants' representatives who we have subpoenaed for trial. Moreover, we may offer the following exhibits:

B0370604v1

Michael Keohane, Esq.  
June 25, 2004  
Page 2

**GADSBY HANNAH** LLP

1. Adversary Complaint filed in the United States Bankruptcy Court for the Eastern District of Kentucky, Lexington, In re Computrex, Inc., Case No. 01-53755, and attached exhibits;

2. Directors and Officers Corporate Liability Policy No. 872-35-08 and Run-Off Endorsement;

3. 2/6/04 Letter from Daniel J. Kelly;

4. 2/24/04 Letter from Daniel J. Kelly;

5. 4/5/04 Letter from John F. Varley, III;

6. Invoices substantiating the legal fees the Plaintiffs have incurred to-date in defense of the pending adversary proceeding in Kentucky; and

7. Invoices substantiating the legal fees the Plaintiffs have incurred to-date prosecuting the claims in the instant proceeding.

Please advise me immediately of any objections that you have with respect to the foregoing, together with any witnesses and/or exhibits, if any, which you intend to offer at trial. If you intend to offer portions of either Plaintiff's deposition testimony, please indicate the designated sections. Finally, we reserve the right to mark as exhibits any documents that you produce in response to our subpoena and request that you produce them as soon as possible so that they can be evaluated.

Thank you for your immediate attention to this matter. I look forward to hearing from you soon.

Sincerely,

B. Michael Ortwein, Esq.

cc:   Daniel Kelly, Esq.

B0370604v1