UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO:  04 10685 WGY

| | |
|---|---|
| MELINDA BROWN AND TREFFLE LAFLECHE, | ) ) ) |
| PLAINTIFFS | ) ) |
| VS. | ) ) |
| AMERICAN INTERNATIONAL GROUP, INC. AND NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PENNSYLVANIA | ) ) ) ) ) |
| DEFENDANTS | ) ) |

DEFENDANTS' TRIAL BRIEF

The defendants, American International Group, Inc. (AIG, Inc.) and National Union Fire Insurance Company of Pittsburgh Pennsylvania (National Union) suggests the following rules of law apply in this action:

1. The two "cardinal rules" of Kentucky insurance law are (1) contracts are to be liberally construed with all doubts resolved in favor of the insureds and (2) exceptions and exclusions should be strictly construed to make insurance effective… Equally as important, however, are the rules that terms of an insurance policy are to be given their ordinary meanings as persons with ordinary and usual understanding would construe them, …, and that terms of an insurance policy are to be enforced as drawn…

Despite Kentucky's liberal policy of construing insurance policies in favor of the insured, the Kentucky Supreme Court recently held, upon certification of an issue …

from the Sixth Circuit Court of Appeals, that every doubt will not always be construed against the insurer… The Court held:

> The rule of strict construction against an insurance company does not mean that every doubt must be resolved against it and does not interfere with the rule that the policy must receive a reasonable interpretation consistent with the parties' objection and intent or narrowly expressed in the plain meaning and/or language of the contract. Neither should a nonexistent ambiguity be utilized to resolve a policy against the company. We consider that courts should not rewrite an insurance contract to enlarge the risk to the insurer.
> Foster v. Kentucky Housing Corp., 850 F. Supp. 558, 560 – 561, (E.D. Ky, 1994) (internal citations omitted).

2. The policy is clear that there is no duty to defend absent a request by the Named Entity (here Computrex, Inc.) for a defense of all directors. No such request having been made, National Union has no duty to defend the plaintiffs.

3. The policy is clear in stating that National Union may withhold consent to any Defense Costs, or any portion thereof, to the extent such Loss is not covered under the terms of the policy.

4. There is no coverage for Wrongful Acts which are Related Wrongful Acts to those which occurred prior to January 1, 2001, the effective date of the National Union policy.

5. AIG, Inc. has no duty to plaintiffs having issued no policy to them.

6. The Wrongful Acts engaged in by either one of the plaintiffs after January 1, 2001 are Related Wrongful Acts to acts which began when their terms as directors began and continued to January 1, 2001 and thereafter and accordingly there is no coverage to them under the Policy.

                                              The defendants,

                                              By their attorneys,

                                              FINNEGAN, UNDERWOOD,
                                              RYAN & TIERNEY

                                              <u>/s/ John G. Ryan</u>
                                              John G. Ryan
                                              22 Batterymarch St., 4th Floor
                                              Boston, MA 02109
                                              617-348-9200
                                              BBO #435560

June 29, 2004.