UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO:  04 10685 WGY

MELINDA BROWN and
TREFFLE LAFLECHE,                    )
                                    )
        Plaintiffs                   )
                                    )
VS.                                  )
                                    )
AMERICAN INTERNATIONAL GROUP,  )
INC. and NATIONAL UNION FIRE         )
INSURANCE COMPANY OF                 )
PITTSBURGH, PENNSYLVANIA,            )
                                    )
        Defendants                   )

## DEFENDANTS' POST-TRIAL MEMORANDUM

### A. Introduction

The issues which the Court has requested the parties to brief involve two questions:

1. Whether or not additional directors and officers of Computrex, Inc.--who have now presented requests for coverage from the defendant National Union Fire Insurance Company of Pittsburgh, Pa. (NU) under the Officers and Directors insurance policy (D&O policy) NU issued to Computrex, Inc.--are either "necessary parties" under Rule 19 (a), Fed. R. Civ. P. to be joined in this action if feasible or "indispensable parties" within the meaning of Rule 19 (b), Fed. R. Civ. P., requiring dismissal of this which has been brought by and names only the two directors resident in Massachusetts; and

2. Whether or not NU has properly denied advancement of defense costs to the

two plaintiffs because of NU's determination that the allegations of the complaint

brought against them by the Chapter 7 Trustee allege "Related Wrongful Acts" within the

meaning of the D& O policy and are therefore excluded.[1]

## B. Argument

### 1. Rule 19 Issues

In addition to the two directors of the bankrupt Computrex, Inc. who are named as

plaintiffs in this action (LaFleche and Brown), the Chapter 7 Trustee has sued five other

persons who he alleges served as directors or officers of the bankrupt[2] during periods the

D&O policy would consider them to be individual insureds. (Trial Exhibit #1). Those

other directors and/or officers have given NU notice of the Trustee's action against them

and requested defense. Their requests were denied on the same basis as the requests made

by LaFleche and Brown. (Trial Exhibit #5). As of the date of the memorandum, no other

suits have been brought as a result of the NU denial of coverage.

It is NU's position that all directors and/or officers are both necessary and

indispensable parties within the meaning of Rule 19, Fed. R. Civ. P. In the circumstances,

it appears that they cannot be successfully joined without destroying diversity jurisdiction

and accordingly this action should be dismissed.

It is familiar ground that determinations under Rule 19 call for a "two-step

inquiry" by the district court. "First, the district court must determine whether the party is

'necessary' to the action under Rule 19 (a). If the court determines that the party is

'necessary,' it must then determine whether the party is 'indispensable' to the action

---

[1]  Although American International Group, Inc. is a named defendant, there has been no evidence that it issued the D&O policy or has any other role which would lead to any liability to the plaintiffs. Thus, the claims against it should be dismissed as requested in the First Affirmative Defense in defendants' Answer.

[2]  Two additional persons, a CPA and outside financial officer have also been sued. NU does not consider them to meet the definition of insureds under the D&O policy and no issue as to that point is involved here.

under Rule 19 (b)." <u>National Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of South Carolina, Inc</u>., 210 F.3d 246, 249 (4th Cir., 2000). Further, where the court finds a necessary party cannot be joined because joinder would defeat subject-matter (including diversity) jurisdiction, the court must determine whether "in equity and good conscience" the action should proceed against the existing parties or should be dismissed, "the absent person being considered indispensable." <u>Rule 19 (b)</u> and <u>Rite-Aid</u>, id. at 250. Senior Judge Skinner, denying a party's Rule 21 motion to be dropped as a party, has noted where declaratory relief is sought, care should be taken not to render a declaration which is "hollow and ineffectual" denying a party complete relief and thereby undermining "one of the important considerations underlying Rule 19: . . . 'the interest of the courts and public in complete, consistent and efficient settlement of controversies.' " <u>National Union Fire Insurance Co. of Pittsburgh, Pa. v. Massachusetts Municipal Wholesale Electric Co.</u>, 117 F.R.D. 321, 323 (D.C. Mass. 1987), citing <u>Provident Tradesmens Bank & Trust Co. v. Patterson</u>, 390 U.S. 102, 111, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

Under Rule 19 (a) (1) test of whether or not a persons who can be successfully joined without destroying jurisdiction looks to whether or not in the person's absence, complete relief can be granted those already parties. Obviously, NU cannot obtain complete relief without the added directors and/or officer being joined since the non-parties will not be bound by any decision in the case which favors NU's position that the claims against all directors and/or officers are barred by the Related Wrongful Act provision.

Under Rule 19 (a) (2) the test as to whether a person "claims an interest relating to the subject of the action" is an objective one which can be applied without the actual

claim of such an interest. Thus, claiming an interest does not require anything more under Rule 19 (a) (2) than being a person having the appearance of an interest. <u>Tell v. Trustee of Dartmouth College</u>, 145 F.3d 417, 419 (1st Cir., 1998) ("claims an interest" in the Rule 19 (a) context means nothing more than appears to have such an interest). Obviously, all potential beneficiaries of the D&O policy appear to have such an interest. In addition, all but one have expressed that interest by requesting a defense under the policy as have the named plaintiffs, LaFleche and Brown. Again, if jurisdiction would not be defeated, disposition of the action in its present state could expose NU to inconsistent obligations to these plaintiffs and the others not joined who claim an interest.

The problem, of course, is that joinder here will defeat jurisdiction. Accepting the Trustee's allegations as to residence as true, Peter LaFleche is a resident of New York and would therefore not be diverse from NU, which is considered a resident of New York (where it has its principal place of business). <u>28 U.S.C. Sec. 1332 (c) (1)</u>. Collins and Lindquist, together with Schaupp, who has not given notice, are residents of Kentucky. Thus, if all directors and/or officers giving notice or otherwise were party plaintiffs, it would appear that no Federal court would have diversity jurisdiction. This fact brings into play the provisions of Rule 19 (b) relative to persons as described in Rule 19 (a) (1)-(2) who cannot be made parties. In that circumstance, the court is to determine "in equity and good conscience" whether the action should proceed as it is or be dismissed because the absent party or parties are considered "indispensable."

Rule 19 (b) sets out four factors for the court to consider in determining whether to proceed with the parties before it or to dismiss the action because an "indispensable party" cannot be joined without destroying subject matter jurisdiction. They are: (1) to

what extent a judgment rendered in the person's absence might be prejudicial to the absent person or those already parties; (2) the extent to which, by protective measures in the judgment, by the shaping of relief, or other measures, any prejudice can be lessened or avoided; (3) whether a judgment entered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder. Rule 19 (b).

The Rule 19 inquiry narrows to whether or not the added four directors/and or officers, who have given notice together with Schaupp,[3] are necessary parties under Rule 19 (a) and if so, whether or not the action can properly proceed without them or should be dismissed because they are indispensable parties.

It is NU's position, as raised in its Ninth and Tenth Affirmative Defenses, that the action should be dismissed because the added directors and/or officers are "necessary" parties who are also "indispensable" on the facts of this declaratory judgment action. If they are added, diversity jurisdiction will be defeated.

The required Rule 19 (b) inquiry "in equity and good conscience" must lead to the conclusion the unjoined directors and/or officers are both necessary and indispensable parties. This is particularly so where the existing plaintiffs seek only declaratory relief as to NU's duties. Non-parties will not be bound by the proceeding. See Eagle-Picher Industries, Inc. v. Liberty Mutual Insurance Co., 682 F.2d 12, 16 (1st Cir., 1982 ), cert denied, 460 U.S. 1028 (1983) (disposition of case not binding on nonparties). Thus, the non-party directors and/or officers are free now to bring suit in another jurisdiction and

---

[3] Schaupp's apparent silence does not bar him from being a necessary party. See Tell v. Trustees of Dartmouth College, 145 F.3d at 419, *supra*.

will remain free to do so until barred by a statute of limitations or other legal disability.

Such an action or actions can obviously bring about inconsistent results as to the

applicability of NU's claimed basis for non-coverage even if the facts as to each director

and/or officer's acts are the same. Given the limited funds available from the D&O

policy,[4] the entire policy or large portions of it could be exhausted by one or two

directors at the expense of the others or, arguably, NU could be exposed to "a substantial

risk of incurring multiple . . .or inconsistent obligations" to non-party insureds. This is

one of the risks that Rule 19 (a) seeks to prevent. It clearly makes the absent directors

and/or officers "necessary parties" to be joined if feasible.

It would, of course, be simple to add the missing parties to the case if it were not

for the jurisdictional issues raised. But that issue cannot properly be ignored. Assuming

the citizenship of the directors and/or officers are as alleged by the Trustee, it appears that

the only courts which would have diversity jurisdiction over an action of the kind

presented here which included all directors and/or officers would be the state courts in the

Commonwealth of Kentucky. Applying the Rule 19 (b) factors, it is NU's position that:

1. Proceeding here without the other directors and/or officers would be

prejudicial to NU because it would expose it to the risk of multiple and

inconsistent obligations to the non-parties, one of the reasons they are in fact also

"necessary" parties. Certainly, different courts could determine the Related

Wrongful Act issue differently as to different insureds on the same facts. NU

could conceivably face added litigation over the propriety of whatever portion of

the available limits are paid out to less than all insureds entitled to defense costs.

---

[4] The D&O policy includes defense costs in its definition of "Loss" and thus the total limits of $1,000,000 are for both defense and indemnity of all claims covered. See Policy Pg.9.

Individual insureds who are not parties might also find the proceeding prejudicial to them to the extent some other court looked to the analysis made in the case involving LaFleche and Brown for guidance the other insureds might feel was misdirected;

2. Proceeding here without the other directors and/or officers is unlikely to be a matter where prejudice to NU can be lessened or avoided by shaping the judgment in some way because what is being sought is a declaration that specific acts are or are not Related Wrongful Acts within the policy meaning and making that declaration here cannot legally affect the non-parties who will be free to attempt a further decision in another jurisdiction. If a shaping of judgment is necessary, it is unclear whether or not the limits available to the only two directors who have brought suit can rightfully be expended solely on their behalf and at the potential expense of the others. Timing of payments may also be a consideration eluding easy adjustment;

3. Proceeding here without the other directors and/or officers will not be adequate to resolve the case as a whole because of it will not bind non-parties; and

4. The existing plaintiffs will not be deprived of an adequate remedy if the action is dismissed because they can bring an action in the state courts of the Commonwealth of Kentucky where either they or NU can add all other directors and/or officers to attempt to obtain the declaration they seek.

There is, in brief, no reason for this court to allow this action to continue here because any relief given these two plaintiffs will run afoul of the basic Rule 19 purpose

of achieving a resolution of the controversy which is "complete, consistent and efficient." <u>Mass. Municipal Wholesale Electric Co.</u>, supra 117 F.R.D. 321. Its dismissal will do no harm. Finally, any delay is a result of the choice of these plaintiffs to bring their action in this forum rather than choosing one which would be procedurally hospitable to the claims.

  2. <u>Advancement of Defense Costs</u>

  There are two separate provisions in the D&O policy that can become applicable where the proper insured parties are either tendering a defense to the insurer or requesting the advancement of defense costs.

  One provision involves the tender of the defense by the insurer. Whatever else may be said about the provision relative to a tender of defense, the evidence before the court shows that no person authorized to act on behalf of Computrex, Inc., the "Named Entity" as defined in the D&O policy at pg. 4, tendered to NU "the defense of a Claim . . . in accordance with Clause 8" as set out under Defense Provisions at pg. 1 of the D&O policy. Clause 8 was not complied with because again no person purporting to act on behalf of Computrex, Inc., as the "Named Entity" tendered the defense in writing "on behalf of all insureds" as required.

  LaFleche and Brown, through their attorneys submitted evidence of the Trustee's notice of the claims he had given to NU (Trial Exhibit #6) and argued that this constituted a tender of the defense by the successor to or alter ego of the Named Entity. That notice was a mere notice by plaintiff Trustee of the claim he had brought against the directors and/or officers of Computrex, Inc. It neither requested nor could intelligently have requested a defense of the individuals the Trustee was suing. Ironically, this issue has

been decided adversely to the position of <u>each</u> party in a recent bankruptcy case. In that case, the Bankruptcy Court rejected NU's position that the Trustee was the equivalent of the insured or  stood "in the shoes" of the bankrupt for purposes of the "insured v. insured" exclusion in a declaratory judgment case brought against NU by clients represented by the very attorneys representing LaFleche and Brown in this matter. <u>County Seat Stores, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.</u>, et al 280 B.R. 319 (Bankr.S.D. N.Y. 2002). In this Circuit, the same principle has been followed. See <u>In Re Molten Metal Technology, Inc. v. Executive Risk Indemnity Co.</u>, 271 B.R. 711, 730 (Bankr.D.Ma. 2002). Since the Trustee does not stand in the shoes of the bankrupt, it is not the equivalent of the "Named Entity" in the D&O policy. Thus, even if the notice (Trial Exhibit #6) had requested a defense, which it did not, there would have been no tender of defense of the claim within the meaning of the policy.

The second defense provision involves the situation where the insurer has "not assumed the defense pursuant to . . . Clause 8" – the situation existing here.  The pertinent language is set out in two paragraphs on Pg. 12 of the D&O policy reading:

> When the insurer has not assumed the defense of a Claim pursuant to this Clause 8, the Insurer shall advance nevertheless, at the written request of the Insured, Defense Costs prior to the final disposition of a Claim.  Such advanced payments by the insurer shall be repaid to the insurer by the Insureds or the Company, severally according to their respective interests, in the event and to the extent that the Insureds or the Company shall not be entitled under the terms and conditions of this policy to payment of such Loss.

> The Insureds shall not admit or assume any liability, enter into any settlement agreement, stipulate to any judgment, or incur any Defense Costs without the prior written consent of the Insurer.  Only those settlements, stipulated judgments and Defense Costs which have been consented to by the insurer shall be recoverable as Loss under the terms of this policy.  The Insurer's consent shall not be unreasonably withheld, provided that the Insurer, when it has not assumed the defense of a Claim pursuant to this Clause 8, shall be entitled to effectively associate in the defense and the negotiation of any settlement of any Claim, and

provided further that in all events the Insurer may withhold consent to any
settlement, stipulated judgment or Defense Costs, or any portion thereof, to the
extent such Loss is not covered under the terms of this policy.

There is no dispute that each of the individual directors and/or officers meets the
definition of "Insured[s]" under the policy. Further, NU does not dispute that each of the
directors and/or officers (other than Schaupp) have made the required written request.
Thus, if the provisions of the first sentence of the first paragraph stood alone, the
directors and/or officers have met the requirement for advancement of defense costs prior
to final disposition of the claim. The second sentence relative to repayment has not yet
occurred and is to that extent not presently pertinent.

However, the first paragraph does not stand alone. The provisions as to Defense
Costs are conditioned in the next paragraph upon the "prior written consent" of NU to the
incurring of defense costs and the positive statement that only those costs which are
subject to such consent are recoverable. In addition, NU is given the right under the
policy to withhold consent so long as it is not unreasonable to do so. Most significantly,
NU has the right "in all events" to withhold consent "to the extent such Loss is not
covered under the terms of the policy." The term "Loss" as defined in the D& O policy at
pg. 4 includes "Defense Costs" and the amounts expended are part of the limits of
coverage as set out at pg.9.

At trial, Attorney John Varley, NU's witnesses, offered the court the analogy of a
clearly excluded Wrongful Act to demonstrate that the policy language must be read to
allow the insurer to deny an advancement of defense costs to the extent such costs are
sought for a "Loss" which "is not covered under the terms of the policy." The example
was Exclusion "m" on pg. 7 and 8 of the D&O policy which states that "The Insurer shall

not be liable to make any payment for Loss in connection with a Claim made against an Insured . . . (m) for emotional distress, or for injury from libel or slander, or defamation or disparagement, or from injury from a violations of a person's right of privacy . . ." The same situation applies in the case of a "Related Wrongful Act" which is a direct limitation on coverage for "Wrongful Acts" as also defined in the policy. By definition Loss including Defense Costs from "Related Wrongful Acts" are excluded from coverage just as the acts set out in Exclusion "m" are and the insurer is entitled to refuse to advance such costs Because: (1) it is not at all "unreasonable" to do so, and (2) such a circumstance is one of the "events" included in the policy's positive description of when refusal can be made – i.e. "in all events."

It would be foolhardy for the insurer to draft a policy requiring it to advance defense costs for claims which are not covered under the policy. The policy language on advancement of defense costs recognizes that and allows the insurer to refuse consent in circumstances as exist here where the complaint against the individual directors and/or officers describe only wrongful acts which are related wrongful acts to acts which occurred before the policy took effect.

The same type of provisions are included in connection with the tender of defense as set out in the D&O policy at pg. 1 where it provides for tender of the defense "of a Claim for which coverage is provided by this policy." Defense, in brief, is dependent upon coverage.

Under Massachusetts law where the allegations of a third-party complaint are reasonably susceptible of an interpretation that they state or outline a claim within coverage, an insurer may not be allowed to determine on its own the absence of coverage.

Sterilite Corp. v. Continental Cas. Co., 17 Mass. App. Ct. 316, 318, 458 N.E.2d 338, 340-341 (1983). However the rule is not absolute and does not apply to cases where the allegations do not find "apparent lodgment" in the coverage. Sterilite, 17 Mass. App. at 323.

If a judicial determination going beyond the allegations of the complaint is required, that of necessity assumes that there will be an adequate judicial proceeding available to determine the coverage issue. In this case, NU has been denied such a procedure. The effects to date have shown that no effectual presentation of facts beyond the allegations of the Trustee's complaint can be presented because of the absence of even minimal discovery to pin down witness statements. Mr. LaFleche was examined without the benefit of discovery at the bench trial because the court had denied NU's timely Rule 56 (f) request for a continuance in order to undertake limited discovery. Each denial or claimed lack of knowledge or memory that Mr. LaFleche made in response to the questions put to him, demonstrated that a remedy in court without discovery by the insurer is totally meaningless to the insurer, who would have no reason to know of these events and the underlying facts until the Trustee's suit was brought. The insurer, which makes a timely response, must either be allowed discovery so it can present the actual facts to the court or be entitled to its own analysis of the facts in the Trustee's complaint.

## C. Conclusion

WHEREFORE, the defendants state:

This action should be dismissed under Rule 19 (b) (2) upon the grounds set out above.

If not dismissed, the action should continue under an agreed upon reasonable discovery schedule which will allow NU to make a further factual presentation including cross-examination of LaFleche and Brown and other former officers, directors and employees of Computrex, Inc. for the purpose of showing that NU has no obligation to defend those plaintiffs in the action brought by the Trustee.  No order relative to advancement of such costs should be made at this time but if one is, NU should receive adequate security from these plaintiffs to assure repayment in the event of a finding for NU.

Finally, the claim against American International Group, Inc. should be dismissed for failure to state a claim upon which relief can be granted as requested by said defendant it its First Affirmative Defense.

The defendants,

By their attorneys,

FINNEGAN, UNDERWOOD,
RYAN & TIERNEY

s/ John G. Ryan
_____
John G. Ryan, BBO #435560
22 Batterymarch St.,4th Floor
Boston, MA 02109
617-348-9200

July 19, 2004.

13