UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MELINDA BROWN and TREFFLE LAFLECHE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN INTERNATIONAL GROUP, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C. A. No. 04-10685 WGY |

**PLAINTIFFS' POST-TRIAL MEMORANDUM OF LAW**

**Exhibit E:**

**Lowy v. Travelers Property & Casualty,**
**2000 WL 526702 (S.D.N.Y.)**

Not Reported in F.Supp.2d                                                                                                   Page 1
**(Cite as: 2000 WL 526702 (S.D.N.Y.))**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.

Dr. Stanley T. LOWY, Plaintiff,
v.
TRAVELERS PROPERTY AND CASUALTY COMPANY, formerly known as the Aetna Casualty and Surety Company, Defendant.

**No. 99 Civ. 2727(MBM).**

May 2, 2000.

Paul A. Batista, New York, NY, for plaintiff.

Alexis J. Rogoski, Rachel L. Simon, Peterson & Ross, New York, NY, for defendant.

OPINION and ORDER

MUKASEY, J.

**\*1** In this diversity action, plaintiff Stanley Lowy, a doctor at Staten Island Emergency Physicians Hospital, seeks a declaration that defendant, an insurance company, owes a duty to defend him in a pending state court action. Lowy also seeks damages for the legal expenses he has already incurred defending the state action and a substantially similar federal action.

Lowy now moves for summary judgment as to his declaratory judgment claim, and defendant cross-moves for summary judgment as to both Lowy's declaratory judgment claim and his damages claim. For the reasons stated below, Lowy's motion is denied, and defendant's motion is granted as to the declaratory judgment claim and denied as to the damages claim.

I.

The following relevant facts are not in dispute. On December 16, 1996, Dorota Wasiak, a registrar at the Physicians Hospital, filed a complaint in the United States District Court for the Eastern District of New York that named Lowy as a defendant. (Rogoski Aff. Ex. A (hereinafter, "Fed.Compl.") at 1) According to the complaint, Lowy asked Wasiak to prepare some paperwork at the hospital; when she did not do so as quickly as he wanted, Lowy handcuffed Wasiak, dragged her through the emergency room, and attached her to a file cabinet. (*Id.* ¶¶ 19-35) Wasiak alleged that she was physically injured as a result of the handcuffing. (*Id.* ¶ 43) (stating that Wasiak returned to work after the handcuffing incident but that "[l]ater, ... her arms were red and swollen")

As to Lowy, the complaint enumerated four causes of action that arise under New York common law--battery, assault, false imprisonment, and intentional infliction of emotional distress. (*Id.* ¶¶ 90-105) The complaint alleged also that Lowy violated two federal civil rights statutes--42 U.S.C. § 13981 and 42 U.S.C. § 1985(3)--and that he created a hostile work environment in violation of Article 15, Section 296 of the Executive Law of New York (" § 296") and Title 8, Section 107 of the New York City Human Rights Law (" § 107"). (*Id.* ¶¶ 54-61, 74-93, 120-24)

On May 2, 1997, the federal action was voluntarily dismissed without prejudice pursuant to Fed.R.Civ.P. 41(a)(1). Each party reserved its right to seek "costs, expenses, and attorney's fees." (Rogoski Aff. Ex. B)

Approximately three months later, Wasiak and her husband Eugeniusz Wasiak (collectively, "Wasiak") filed a complaint in Supreme Court, Richmond County that also named Lowy as a defendant. The state complaint was based on the alleged handcuffing incident, which was said to have taken place on October 28, 1996, as well as on Lowy's behavior prior to that date. Before October 28, 1996, Lowy allegedly "rudely instructed [Wasiak] to return to her work" (Rogoski Aff. Ex. C (hereinafter, "State Compl.") ¶ 15), and on another occasion grabbed a medical chart out of her hand, "demanded to know what she was doing in the emergency room, and ordered her back to work." (*Id.* ¶ 14) Moreover, before the handcuffing incident Wasiak allegedly complained to her supervisor about Lowy, and "knew first hand that he was particularly demeaning, humiliating, and uncooperative with women co-workers." (*Id.* ¶¶ 14, 16)

**\*2** As to Lowy, the state complaint enumerates five common law causes of action--the four listed in the federal complaint, *see supra* at 2, plus loss of consortium. The state complaint alleges also that Lowy created a hostile work environment in violation of § 296 and § 107. (*Id.* ¶¶ 40-45, 55- 70) The action initiated by the filing of the state complaint is still pending.

At all relevant times, Lowy has held a liability insurance policy ("the policy"), the provisions of which are discussed as relevant below.

II.

Lowy seeks a declaration that defendant insurance company, Travelers Property and Casualty Company, must defend him in the pending state action. As to this claim both

Not Reported in F.Supp.2d                                                                                                                   Page 2
**(Cite as: 2000 WL 526702 (S.D.N.Y.))**

Lowy and Travelers move for summary judgment.

"[W]hether or not an insurer has a duty to defend [an insured] is to be determined from the language of the policy; in the absence of a policy provision expressly imposing a duty to defend, New York courts will not find such a duty." *In re Ambassador Group, Inc. Litig.,* 738 F.Supp. 57, 62 (E.D.N.Y.1990) (citing *Henderson v. Aetna Cas. & Sur. Co.,* 55 N.Y.2d 947, 449 N.Y.S.2d 178 (1982); *Chrapa v. Johncox,* 60 A.D.2d 55, 61, 401 N.Y.S.2d 332, 335-36 (4th Dep't 1977)); *see also National Union Fire Ins. Co. v.. Ambassador Group, Inc.,* 556 N.Y.S.2d 549, 553, 157 A.D.2d 293, 298-99 (1st Dep't 1990); *Kriegler v. Aetna Cas. & Sur. Co.,* 108 A.D.2d 708, 709, 485 N.Y.S.2d 1017, 1017 (1st Dep't 1985).

In a section titled "no duty to defend," the policy flatly states that "[i]t shall be the duty of the insured[ ] and not the duty of [the insurer] to defend claims." (Rogoski Aff. F (hereinafter, "Policy") IV(A)) Therefore, Travelers has no duty to defend Lowy in the pending state action, and is entitled to summary judgment.

III.

Lowy claims also that Travelers must pay damages for the expenses he has incurred defending the federal and state actions. Travelers now moves for summary judgment as to this claim.

An insurance company is required to pay an insured's defense expenses "[i]f the complaint contains any facts or allegations which bring the claim even potentially within the protection purchased." *Fitzpatrick v. American Honda Motor Co.,* 78 N.Y.2d 61, 65-66, 571 N.Y.S.2d 672, 674 (1991) (internal quotation marks and citations omitted); *see also Ruder & Finn, Inc. v. Seaboard Surety Co.,* 52 N.Y.2d 663, 670, 439 N.Y.S.2d 858, 861 (1981) ("the question is not whether the complaint can withstand a motion to dismiss for failure to state a cause of action" but rather whether the claims raised in the complaint fall "within the embrace of the policy ... no matter how groundless, false or baseless the[y] ... may be"). Thus, Travelers is entitled to summary judgment "only if it [can] be concluded as a matter of law that there is no possible factual or legal basis on which [it] might eventually be held to be obligated to indemnify [Lowy]." *Servidone Constr. Corp. v. Security Ins. Co. of Hartford,* 64 N.Y .2d 419, 424, 488 N.Y.S.2d 139, 142 (1985) (internal quotation marks and citations omitted). [FN1]

> FN1. *Fitzpatrick, Ruder & Finn, Inc.,* and *Servidone Constr. Corp.* concern the allegations

that trigger an insurance company's duty to defend an insured. However, there is no relevant difference between the allegations that trigger an insurer's duty to defend and the allegations that trigger an insurer's obligation to pay defense expenses. *See, e.g., Inglis v. Dundee Cent. School Dist. Bd. of Educ.,* 687 N.Y.S.2d 866, 868 (Sup.Ct. Yates County 1999) (applying standard that governs duty to defend to a case that concerns only payment of defense expenses) *PepsiCo, Inc. v. Continental Cas. Co.,* 640 F.Supp. 656, 660 (S.D.N.Y.1986) (same) *disagreed with on other grounds by Waltuch v. Conticommodity Servs., Inc.,* 88 F.3d 87, 93 n. 8 (2d Cir.1996).

**\*3** Under the policy, Travelers must "pay [defense expenses] on behalf of the insured person ... from claims first made against them during the policy period." (Policy I(A)) In spite of this provision, Travelers argues that it need not pay Lowy's defense expenses (1) because it is a pre-condition for recovery of defense expenses under the policy that subject conduct occur within the scope of employment, and Lowy's conduct did not, and (2) because Travelers is not required to pay defense expenses "for claims ... based upon, [or] arising out of ... alleged bodily injury." (Policy III(B)(1))

A. Scope of Employment

An employee acts within the scope of his employment if "the [relevant] act was done while the servant was doing his master's work, no matter how irregularly." *Riviello v. Waldron,* 47 N.Y.2d 297, 302, 418 N.Y.S.2d 300, 302 (1979) (internal quotation marks and citation omitted). To determine whether an employee was "doing his [employer's] work," New York courts look to factors that include (1) whether the employee acted at the workplace and during work hours, *see id.* at 303, 418 N.Y.S.2d at 303; (2) whether "the general type of conduct" allegedly engaged in by the employee could have been "reasonably expected" by the employer, regardless of whether the employer could have foreseen the employee's "precise act[s]," *id.;* (3) "the extent of departure from [the employee's] normal methods of performance," *id.,* and (4) whether the acts were intended to further the employer's interests, and not just the actor's personal interests, *see Sims v. Bergamo,* 3 N.Y.2d 531, 534-35, 169 N.Y.S.2d 449 (1957); *Rausman v. Baugh,* 248 A.D.2d 8, 9-10, 682 N.Y.S.2d 42, 43 (2d Dep't 1998).

As to the actions that Lowy allegedly took prior to October 28, 1996--"rudely" ordering Wasiak back to work, asking what she was doing in the emergency room, and grabbing a medical chart from her hand, *see supra* at 3--there is a

"possible ... basis" for finding that Lowy was acting within the scope of his employment. See *Servidone Constr. Corp., 64 N.Y.2d at 424, 488 N.Y.S.2d at 142.* Indeed, three of the factors described above suggest that Lowy was so acting: Lowy allegedly acted at his workplace during work hours (State Compl. ¶ ¶ 14-16); his actions arguably furthered the hospital's interest in the efficient functioning of the emergency room, and there is no indication that they were motivated by any personal interest; and "the general type of conduct" of which Lowy's actions were a part--a doctor's arguably officious and aggressive bossing of a registrar--could have been "reasonably expected" by the hospital.

Moreover, in cases analogous to this one, New York courts have held that the employee in question was acting within the scope of his employment. For example, in *Inglis* the court held that a teacher who allegedly hit a student was acting within the scope of her employment and thus was entitled to reimbursement for defense expenses that she had already paid. The *Inglis* Court noted that the teacher was "working at her normal and customary place of employment," *687 N.Y.S.2d at 868,* as was Lowy; that "general foreseeability" existed, *id.,* as it does in this case; and that the teacher was acting in furtherance of her employer's interest in maintaining student discipline, *see id.,* as Lowy appears to have been acting here in furtherance of his employer's interest in an efficiently-run emergency room.

**\*4** As to the handcuffing incident, there is also a "possible ... basis" for finding that Lowy was acting within the scope of his employment. See *Servidone Constr. Corp., 64 N.Y.2d at 424, 488 N.Y.S.2d at 142.* It seems safe to assume arguendo that handcuffing a co-worker is a substantial departure from a doctor's "normal methods." Therefore, the third factor favors a finding that Lowy was not acting within the scope of his employment. However, the first and fourth factors support the opposite conclusion--the incident allegedly took place at the hospital during work hours, and Lowy's actions were allegedly taken in furtherance of the hospital's interests, not his own. (Fed.Compl.¶¶ 26-30) (alleging that Lowy said to Wasiak "I am standing here with a police officer [and] you have only thirty seconds to finish making the charts"; that Wasiak then told Lowy that she needed more time; and that Lowy then handcuffed Wasiak using the officer's cuffs, explaining that she had prepared the chart too slowly); (State Compl.) ¶ 19-20 (similar)

As to the second factor, the hospital could not have reasonably foreseen that Lowy would handcuff another employee. However, Wasiak's allegations that Lowy engaged in "humiliating" and "demeaning" behavior toward female co-workers prior to the handcuffing incident and that the hospital knew about such behavior, *see supra* at 3, suggest that the hospital might have been able to foresee that Lowy would behave in an aggressive, degrading manner toward a female co-worker, as he allegedly did. Thus, although the hospital could not have foreseen the "precise act[ion]" that Lowy took, the "general type of conduct" that he allegedly engaged in may have been reasonably foreseeable. See *Riviello, 47 N.Y.2d at 303, 418 N.Y.S.2d at 303.* Because of this possibility, and because Lowy acted at work and in furtherance of the hospital's interests, I can not say with positive assurance that Lowy was acting outside of the scope of his employment.

In short, there is a "possible ... basis" for finding that Lowy was acting within the scope of his employment, and Travelers is therefore not entitled to summary judgment on the ground that he was not doing so. [FN2]

> FN2. Because an insurance company's duty to pay an insured's defense expenses is broader than its duty to indemnify, *cf., e.g., Int'l Paper Co. v. Continental Cas. Co., 35 N.Y.2d 322, 326, 361 N.Y.S.2d 873, 876 (1974),* this conclusion need not compel any other court to find that Lowy was acting within the scope of his employment such that Travelers must indemnify him. For the same reason, that another court has found that Lowy was not acting within the scope of his employment such that Travelers need not indemnify him, *see* Def. Mem. Supp. at 9, does not affect this court's conclusion that there is a "possible ... basis" for finding that Lowy was acting within the scope of his employment such that Travelers must pay his defense expenses.

B. Bodily Injury Exclusion

Travelers moves also for summary judgment on the ground that it is absolved of its obligation to pay Lowy's defense expenses by Section III(B)(1) of the policy, which states that the company need not pay expenses "for claims ... based upon, [or] arising out of ... alleged bodily injury." [FN3]

> FN3. Travelers does not argue that coverage is barred by any other portion of Section III(B)(1).

In insurance policy exclusion clauses, the phrases "arising under" and "based on" mean "but for." See *Mount Vernon Fire Ins. Co. v. Creative Housing Ltd., 88 N.Y.2d 347, 351, 645 N.Y.S.2d 433, 434 (1996).* Thus, in *Mount Vernon* a building owner was sued for negligent supervision by a

Not Reported in F.Supp.2d                                                                                                       Page 4
**(Cite as: 2000 WL 526702 (S.D.N.Y.))**

tenant who was allegedly assaulted in the building, and the owner asked his insurer to defend. The insurer argued that it was not required to defend the owner because the governing insurance policy excluded coverage "for any claim ... based on Assault and Battery." *Id.* at 350, 645 N.Y.S.2d at 434. The Court held that this exclusion relieved the insurance company of its obligation to defend the building owner against the tenant's suit. *Id.* at 352, 645 N.Y.S.2d at 435. The basis of this holding was that the "operative act giving rise to any recovery is the assault"--that is, because the factual predicate of the tenant's negligent supervision claim was her allegation that she had been assaulted, "but for" this allegation there would have been no basis for her negligent supervision claim. *Id.* Accordingly, coverage of the claim was excluded.

**\*5** In this case, Travelers argues that it need not pay Lowy's defense expenses because of the bodily injury exclusion. *See supra* at 11. However, even if Wasiak's allegations of bodily injury were excised from the complaints, the handcuffing incident itself would provide a basis for each of her claims. Indeed, none of Wasiak's claims are derived from her allegation that she was physically injured. Therefore, even absent this allegation the factual props would remain secure under any of Wasiak's claims. Accordingly, the bodily injury exclusion does not entitle Travelers to summary judgment.

* * *

For the reasons stated above, plaintiff's motion is denied, and defendant's motion is granted as to the declaratory judgment claim and denied as to the damages claim.

2000 WL 526702 (S.D.N.Y.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works