UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO: 04 10685 WGY

| | |
|---|---|
| MELINDA BROWN and TREFFLE LAFLECHE, | ) ) |
| Plaintiffs | ) ) |
| VS. | ) ) |
| AMERICAN INTERNATIONAL GROUP, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, | ) ) ) ) ) |
| Defendants | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT

The defendants American International Group, Inc. and National Union Fire Insurance Co. of Pittsburgh, Pa. (hereafter collectively referred to as "National Union") have moved pursuant to Rule 59 (e), Fed. R. Civ. P., that the Court alter or amend the judgment entered on October 26, 2004, to state that National Union's duty to advance defense costs to the named plaintiffs will terminate at any time a court of competent jurisdiction enters a final judgment which determines that the loss or losses for which advance payments are made, or any portion of such losses, are not covered under the terms of the policy.

In support for its Motion, National Union says that as written the judgment can be read as requiring an advance of proportional defense costs up to the time of disposition of the Trustee's Complaint in the underlying matter. Clause 8 of the policy, as set out on

pgs. 6 and 7 of the Court's Memorandum and Order, provides for the possibility of a coverage determination while the underlying case is pending. This is a recognized process in cases where declaratory or other relief as to coverage may be sought ( see e.g. Conway Chevrolet-Buick, Inc. v. Traveler's Indemnity Co., 136 F.3d 210, 213-214 (1st Cir., 1999) (where there is a duty to defend, the insurer may end its duty by demonstrating with conclusive effect that the potentially covered claim does not fall within the coverage, applying Massachusetts law set out in Sterilite Corp. v. Continental Casualty Co., 17 Mass. App. Ct. 316, 458 N.E.2d 338, 343 (1983)). The law in Kentucky appears to recognize the same general principle. See Travelers Indemnity Co. v. Nieman, 563 S.W.2d 724, 726-727 (Ky. Court of Appeals,1977) (insurer cannot be estopped from raising a defense of no coverage if the insured has been notified of the insurer's position and is not harmed by any withdrawal of a defense undertaken by the insurer).

The policy here provides for:

(1) repayment by the insureds of advanced defense costs in the event the insureds are not entitled under the terms and conditions of the policy to such payments; and

(2) National Union to withhold consent to defense costs, or portions thereof, to the extent such costs are not covered under the terms of the policy.

As a result National Union is entitled to take such added steps as may be necessary to finally determine the coverage issues as to any or all persons seeking coverage rather than being bound to advance defense costs up to conclusion of the underlying case.

In addition, this action was tried without any pre-trial discovery despite National Union's timely request under Rule 56 (f), Fed. R. Civ. P., to permit limited discovery in

opposition to the plaintiff's Motion For Summary Judgment. There has, as a result, been no final determination as to whether or not the acts of the plaintiffs for which National Union is presently obliged to advance defense costs are in fact acts covered under the policy. In that circumstance, National Union should not be precluded from other actions in this or other proper jurisdictions to have its coverage obligations finally determined with whatever effects such a determination may have on its duty to advance costs to these plaintiffs or other potential claimants.

WHEREFORE, National Union requests that the judgment entered in this matter be altered or amended to add at the end thereof the following new sentence:

National Union's duty to advance defense costs shall conclude prior to final disposition of the Trustee's Complaint at any time prior to that date at which a court of competent jurisdiction enters a final judgment which determines that the loss or losses for which advance payments are made, or any portion of such losses, are not covered under the terms of the policy.

By their attorneys,

FINNEGAN, UNDERWOOD,
RYAN & TIERNEY

s/ John G. Ryan

John G. Ryan
22 Batterymarch St., 4th Floor
Boston, MA 02109
617-348-9200
BBO #435560

November 5, 2004.